DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1874.

MARY BRANFORD ET AL. *v.* WILLIAM ERANT ET AL.

REFUSAL TO ENTER JUDGMENT NOT APPEALABLE.—A refusal of the court to enter judgment is not a final judgment from which either an appeal or writ of error will lie.

MANDAMUS THE PROPER REMEDY.—Mandamus is the proper remedy for a refusal of a judge to enter a judgment which it is clearly his duty to enter.

APPEAL from the district court for Bernalillo county. The opinion states the facts.

*R. H. Tompkins*, for the appellants. Every court of record has power at a subsequent term to amend its records, and make them conform to, and exhibit the truth; *Sheppard* v. *Wilson*, 6 How. (U. S.) 260. There is no fixed time within which verdicts and judgments may be amended; even after error brought, if within a reasonable time, such amendments may be allowed: *Murphy* v. *Stewart*, 2 Id. 263. If an appeal be taken in open court, the omission of the clerk to enter it may be subsequently supplied: *Hudgins* v. *Kemp*, 18 Id. 531. The supreme court has power to allow an amendment in a case brought before it by appeal: *Kennedy* v. *The Georgia State Bank*, 8 Id. 586; *Woodward* v. *Brown*, 13 Pet. 1.

Points decided.

*T. F. Conway,* for the appellees.

By Court, BRISTOL, J.:

At the May term of the district court for the second judicial district, and county of Bernalillo in 1873, a motion was made on behalf of the plaintiffs for the entry of judgment *nunc pro tunc* on the demurrer of the plaintiffs to the defendants' plea, the plaintiffs claiming that judgment sustaining the demurrer was rendered at the October term of that court in 1871, but had not been formally entered of record. The motion was overruled, and from this ruling of the court below the plaintiffs have taken this appeal. The appellees have filed a motion in this court to dismiss the appeal for want of jurisdiction. The motion to enter judgment *nunc pro tunc* in the court below does not seem to have been made upon the previous record in the cause, which was the best and only proper evidence of any defect or omission therein, as well as of what was actually done, but was made upon the affidavit of the clerk that such judgment was rendered, and that the entry thereof was omitted by his mistake and oversight. We allude to these points as a suggestion of what the practice ought to be without intimating an opinion on the real merits of the case. In no event can an appeal from the refusal of the court below to enter judgment be sustained; such refusal is not a final judgment from which either an appeal or writ of error will lie. If a case of official duty to enter judgment can be clearly shown, the only remedy for a refusal to perform that duty is by writ of mandamus. The motion to dismiss the appeal is sustained.