138 P.2d 263

**BARTON v. SKELLY OIL CO.**

No. 4727.

Supreme Court of New Mexico.

May 21, 1943.

Neal & Girand, of Hobbs, for appellant.

Don G. McCormick, of Hobbs, for appellee.

MABRY, Justice.

Plaintiff-appellant claims compensation under the Workmen's Compensation Act of New Mexico, Comp.St.1929, § 156-101 et seq. as amended, for an accidental injury alleged to have resulted from the bite of a poisonous insect and occurring, on June 19, 1941, while plaintiff-appellant was employed by defendant-appellee in the process of laying an oil pipe line in Lea county. He appeals from an unfavorable decision made by the court without a jury. For convenience, the parties will hereinafter be referred to as plaintiff and defendant, respectively.

It is not disputed that plaintiff was working for defendant at the time and place alleged, and that his average weekly wage

was $23.20. Defendant, its own insurer, defended against the claim upon the ground that it was not compensable since it was not an accident within the meaning of the Act in question, and for the further reason that there was no competent evidence to establish the causal relationship between the alleged accident and the disability suffered. Plaintiff claims for a loss of nine and a half weeks because of the disability resulting from the accidental injury complained of. In his appeal plaintiff challenges the trial court's application of the law to the facts found. Defendant company, which likewise assigned and urges error, challenges the court's finding that plaintiff was bitten by a poisonous insect; the court's refusal to strike a portion of plaintiff's testimony going to the circumstances surrounding the injury complained of; and its·refusal to make defendant's requested conclusion of law that the testimony of plaintiff, a layman, was incompetent to establish the causal relation between the alleged injury and disability.

We refer now to the contention of plaintiff that there being a supportable finding of fact to the effect that he was in fact bitten by a poisonous insect the court should have concluded, as a matter of law, that the injury was accidental and compensable, and likewise to defendant's assignment of error where he challenges the finding on this point as not being supported by substantial evidence, but approving, of course, the court's application of the law, nevertheless.

We hold there was substantial evidence to support each and all the findings made, all of which were in behalf of plaintiff. These, in substance, were that at the time in question, plaintiff was employed by defendant in laying a pipe line in the open country in Lea county, New Mexico; that while in the course of such employment plaintiff was bitten by a poisonous insect, as a result of which bite he was totally disabled for a period of nine and a half weeks, and that the compensation to which plaintiff would be entitled, if he in fact came within the Act, would be $118.32, plus an additional $21.60 as expense incurred for medical attention.

It is obvious that the court denied compensation for the reason that plaintiff, in its opinion, did not show that under the circumstances of his employment at the time of his injury he was subjected to a greater hazard and risk than the general public and members of the immediate community of the place in question who were not so employed. Such distinction was not properly appraised or applied here.

The construction of the pipe line in question required the digging of a ditch, or trench, in the earth and through an open country in which ditch, or trench, pipe was laid and through it the oil and gas was thereafter to be transported to market. Plaintiff was employed in putting down the pipe. He was known as a "welder helper" as well as a "pipeliner". The area in which the pipe was laid in the newly dug opening embraced an open country of

natural mesa grass, and mesquite, which is a rough, hardy, bushy, wild growth common to much of this area of the country. The testimony of plaintiff himself showed that at the time in question he was working in this area "laying a four inch pipe line down through those mesquites." He further testified, "The first thing I knew my leg began to itch, burned, and I began scratching and I felt a knot swelling up there, and when it began to hurt me pretty bad and I had noticed it there was a great big knot there * * *. I could see the place and feel it. I certainly do know that something bit me." Plaintiff continued working for two or three hours and then left the work. He admits he did not see the insect which bit him, but that he knows what bit him and has observed like symptoms resulting from the bite of black widow spiders and that he believes this was the insect which bit him. There is testimony from at least one other witness showing that plaintiff, soon after he received the alleged bite, complained, uncovered himself and showed to others the ugly wound and mark clearly apparent. We can easily understand that working under such circumstances one might be bitten by a poisonous insect, or reptile, and yet not be able to see or thereafter locate the offender.

Defendant's challenge to the court's findings as being unsupported by evidence is without merit; and, likewise, is defendant's assignment to the effect that the court erred in considering the testimony of plaintiff upon the question of what caused the injury. Defendant says that the testimony of plaintiff as to the outward manifestations resulting from his alleged injury was competent enough, but that any portion of his testimony to the effect that it was a poisonous insect that bit him and caused the violent and immediate inflammation was incompetent, because the plaintiff did not actually see the offending insect; that he was not qualified, since not a medical witness, to express an opinion and thus establish the causal relationship between the bite and injury. We see no merit to this contention. The doctor who testified on behalf of defendant could not himself say that the plaintiff was not bitten by some kind of an insect, but in his opinion it arose from other causes. This witness saw plaintiff some two days after the injury occurred.

Plaintiff, moreover, was allowed to testify, without objection, to the circumstances under which he received the injury which he charges to the bite of a poisonous insect, to the symptoms immediately evident and the pain and discomfort immediately following. The motion to strike such testimony as being incompetent to show causal relationship came long after the close of the hearing—long after the witness had left the stand. The motion to strike (overruled by the court, and of which overruling defendant complains) came too late, conceding it otherwise had merit, which, however, we do not concede. The trial court did not abuse its discretion in so overruling.

Therefore, holding, as we do, that there is evidence to support the findings

that plaintiff was injured as claimed by the bite of a poisonous insect, and that the assignments of defendant hereinbefore noted are without merit, we have left, then, the question whether plaintiff suffered an "accidental" injury within the meaning of the statute; and we hold that he did. With substantial evidence to support we have the trial court's findings that plaintiff was bitten by some poisonous insect, and that this occurred during the progress of work which required claimant's presence at the point and place where poisonous insects are to be found. The bite was an unexpected occurrence, admittedly. One working as plaintiff, and under like circumstances, where poisonous insects of the character suspected by plaintiff to have bitten him are commonly to be found in the grass and in the somewhat dense shrubbery of these mesquite areas, is necessarily subjected to a hazard not common to those not working in such trenches and close to the ground as was required by the service in which plaintiff was employed.

"In order that an employee may be entitled to compensation there must be a result, an injury or damage, which is caused by 'an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event.'" Stevenson v. Lee Moor Contracting Co., 45 N.M. 354, 115 P.2d 342, 345.

In numerous cases this court has laid down the doctrine that a liberal interpretation of our Workmen's Compensation Act will be employed. We said in the Stevenson case, supra, that the words "accidental injury" should be liberally construed in favor of the claimant, and that the "unintended result of an intentional act of the person injured" may be an accident within the meaning of the statute. We have also said: " * * * the employment must have had some causal connection with the accident; the accident must result from a risk reasonably incident to the employment, or the injury cannot be said to arise out of it. A risk common to the public generally, and not increased by the circumstances of the employment, would not fall within this language of the act. A risk peculiar to the industry certainly would." Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72, 74.

Defendant company cites and relies upon some Idaho cases which deal with the questions of bites and infections from insects as these relate to accidental injury under the Workmen's Compensation Act of that state. See Reinoehl v. Hamacher Pole & Lumber Co., 51 Idaho 359, 6 P.2d 860; Roe v. Boise Grocery Co., 53 Idaho 82, 21 P.2d 910; Smith v. McHan Hardware Co., 56 Idaho 43, 48 P.2d 1102; and Nelson v. Tesemini Timber Protective Ass'n, 59 Idaho 529, 84 P.2d 566. These cases seem to hold, generally, that in order for a workman to recover for injuries resulting from insect bites he must show that he was, by his employment, exposed to a greater hazard than the members of the general public of the immediate community. As plaintiff shows, it is not at all difficult to determine from the findings in

the case at bar that plaintiff was, at the time of his injury, so subjected to a hazard and risk not shared generally by the public not engaged in this character of work. We see nothing in the Idaho cases to weaken plaintiff's position; but we do see much to strengthen it.

■ Defendant emphasizes the point that there was no direct evidence touching upon the question whether plaintiff was subjected to a greater hazard than was the community generally. This point is without merit. It is obvious that he was. It cannot be said of any member of the public not performing similar duties or similarly employed that they were equally subjected to this peculiarly close and unusual contact with these poisonous insects. We find this pertinent language in Roe v. Boise Grocery Company, supra, an analogous case, and one which we believe makes the appropriate distinction: "Consequently, the deceased was exposed to the danger of being bitten by an infected wood tick in a greater degree than those who lived in the wood tick territory and traveled over the highways traversing." [53 Idaho 82, 21 P.2d 912.] There, the Act was held to apply to one whose duties brought him into closer contact with certain poisonous insects of the area than those of the community generally and not so employed.

Judgment should have been for plaintiff. The judgment is reversed with directions to the trial court to reinstate the said cause upon its docket, to set aside the judgment heretofore made and entered and to enter judgment for plaintiff; and to allow as attorney fees for plaintiff in the prosecution of this appeal the sum of $100, and it is so ordered.

SADLER and BRICE, JJ., concur.

BICKLEY, J., did not participate.