394 P.2d 996

**Florence BERRY, Plaintiff-Appellant,**

**v.**

**J. C. PENNEY CO., Employer, and Travelers Insurance Company, Insurer, Defendants-Appellees.**

**No. 7403.**

Supreme Court of New Mexico.

June 22, 1964.

Rehearing Denied Sept. 16, 1964.

Jack Smith, Edwin E. Piper, Jr., Albuquerque, for appellant.

E. Forrest Sanders, Wm. W. Bivins, Las Cruces, for appellees.

NOBLE, Justice.

Claimant has appealed from a judgment dismissing her claim for workmen's compensation because of a failure to establish a compensable injury.

Mrs. Berry, who was employed as a saleslady by J. C. Penney Company, picked up some boxes weighing a total of 18 or 20 pounds, from a table in the basement of the Penney store. As she turned to take the merchandise upstairs, she felt a "kink" in the lower back. Medical evidence disclosed a muscle spasm in the lower back. X-rays disclosed a congenital curve in the lower spine but there was no objective showing of any injury. In the opinion of the medical experts, neither the lifting nor carrying of the boxes of merchandise caused or contributed to the back sprain. An orthopedist testified that in his opinion there was an autogenous, self-induced injury produced by Mrs. Berry merely by turning or twisting to turn around. The medical evidence was that such injuries may be caused by a person putting on his trousers, playing golf, or getting out of a car. It was something that could have occurred even though she had nothing in her hands.

If the trial court's finding that claimant did not suffer an accidental injury arising out of and in the course of her employment is legally correct, based upon the facts here present, the judgment must be affirmed; otherwise, there must be a reversal.

Our workmen's compensation. statute requires as a condition to a compensable injury that it arise out of and in the course of the employment. The two parts of the phrase must be separately interpreted. Any accident arising "while at work" is one "in the course of the employment." The terms are synonymous. McKinney v. Dorlac, 48 N.M. 149, 146 P.2d 867; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365; Whitehurst v. Rainbo Baking Co., 70 N.M. 468, 374 P.2d 849. However, it is well established that under the express statutory language it is not enough that an injury "arose in the course of employment." It must "arise out of" as well as "in the course of" the employment. Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263; Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72, 74; Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885. There must not only have been a causal connection between the employment and the accident, but the accident must result from a risk incident to the work itself.

When the employee, as in this case, solely because of a non-occupational, pre-existing physical condition, suffered a muscle spasm of the lower back, the question arises whether the muscle injury is one arising out of the employment.

This court, along with the courts of most states, has interpreted "arising out of employment" to require a showing that the

injury was caused by a peculiar or increased risk to which claimant, as distinguished from the general public, was subjected by his employment. Luvaul v. A. Ray Barker Motor Co., supra; Barton v. Skelly Oil Co., supra; Merrill v. Penasco Lumber Co., supra; Martinez v. Fidel, 61 N.M. 6, 293 P.2d 654.

■ Under the facts in this case, it is quite clear that claimant's injury arose out of risks or conditions personal to her and not out of a risk peculiar to the employment. Such injuries do not "arise out of" the employment unless the employment contributes to the risk or aggravates the injury. Those injuries within the category of risks personal to the claimant are universally held to be non-compensable. See 1 Larson's Workmen's Compensation Law, § 700.

■ Although it is true that an employee who has a pre-existing physical weakness or disease may suffer a compensable injury if the employment contribution can be found either in placing the employee in a position which aggravates the danger due to the idiopathic condition, or where the condition is aggravated by strain or trauma due to the employment requirements, Reynolds v. Ruidoso Racing Association, Inc., 69 N.M. 248, 365 P.2d 671; see 1 Larson's Workmen's Compensation Law, § 12, nevertheless, there is no evidence in this case of an aggravation of a pre-existing weakness by strain or trauma traceable to an employment requirement or position.

The medical testimony in this case is that the employment did not place claimant in a position increasing her risk, and the back strain was not caused by any act required by her employment. It arose out of a risk personal to the claimant, not increased or aggravated by the employment.

We think Luvaul v. A. Ray Barker Motor Co., supra, is closely analogous on the facts and requires affirmance of the judgment denying a workmen's compensation award.

In Luvaul, an automobile mechanic, solely because of a fainting spell or other physical infirmity, fell to the concrete floor of the garage where he was working and suffered a skull fracture which, however, did not result from a risk incident to the employment. The controlling factor in Luvaul, we said, was:

"* * * In every case there must be a causal connection between the injury and the employment, or the condition under which it is required to be performed, before the injury can be found to arise out of the employment. * * *"

The basis upon which Luvaul turned is equally decisive in this case and the conclusion reached there is equally applicable here.

Having determined· that the trial court's finding, that claimant's injury did not "arise out of" her employment, is supported by substantial evidence, other questions briefed and argued need not be considered.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.