447 P.2d 514

Earl V. SHANNON, Plaintiff-Appellee,

v.

SANDIA CORPORATION, Defendant-Appellant.

No. 8550.

Supreme Court of New Mexico.

Nov. 25, 1968.

Rodey, Dickason, Sloan, Akin & Robb, Joseph J. Mullins, Albuquerque, for appellant.

Domenici & Bonham, Matteucci & Matteucci, Albuquerque, for appellee.

## OPINION

CARMODY, Justice.

By its appeal, the employer seeks to have us reverse a Workmen's Compensation award and declare that claimant's injury was autogenous and as a matter of law did not "arise out of" his employment.

██ It is clear from the medical testimony that the claimant was susceptible to an intervertebral disc problem, and there is no doubt but that it was because of this pre-existing condition that the injury occurred. However, this does not disqualify him from disability benefits, if, under the facts, it is determined that the injury arose out of and in the course of his employment. Reynolds v. Ruidoso Racing Association, Inc., 69 N.M. 248, 365 P.2d 671 (1961); see, also, Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966).

Employer relies upon only two cases, Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885 (1963), and, more particularly, upon Berry v. J. C. Penney Co., 74 N.M. 484, 394 P.2d 996 (1964), it being urged that our holding in Berry requires a reversal of this case because, it is contended, there is no reasonable factual distinction between the two cases. We are not so impressed. In Berry, as in Luvaul, we affirmed a refusal of compensation on the basis that the findings of the trial court were supported by substantial evidence. In both of the above cases, there was a failure of medical proof that the injury was related to the employment. In the instant case, to the contrary, the trial court found, based upon substantial medical testimony, that the activity engaged in by claimant as a part of his employment caused the injury. It must be admitted, as argued by the employer, that the injury *might* have occurred while the claimant was performing some other activity, such as putting on his trousers, or playing golf, or the like; but, nevertheless, the fact remains that the medical testimony is that the employee's disc herniated while engaged in activities required of his employment and the court so found.

██ It requires the citation of no authority that we will not disturb the findings of the trial court which are supported by substantial evidence. Here, the findings are so supported, and the judgment must be affirmed.

Attorney's fees in the amount of $1,000.00 are allowed for claimant's attorneys in connection with this appeal.

It is so ordered.

CHAVEZ, C. J., and MOISE and COMPTON, JJ., concur.

NOBLE, Justice, (dissenting).

I am convinced that the majority have today completely eliminated the requirement of our workmen's compensation statute that to be compensable an injury must arise "out of" the employment, that is, that the accident must result from a risk incident to the work itself. The effect of the majority holding is to make all the injuries occurring "while at work" compensable.

In Berry v. J. C. Penney Co., 74 N.M. 484, 394 P.2d 996, we interpreted the language "arising out of employment" to require proof that the injury was caused by "a peculiar or increased risk to which claimant, as distinguished from the general public, was subjected by his employment." See also Luvaul v. A. Ray Barker Motor Co., 72 N.M. 447, 384 P.2d 885; Martinez v. Fidel, 61 N.M. 6, 293 P.2d 654; Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263; Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72, 74.

It is quite clear that under the facts of this case the claimant's injury, just as in Berry, arose out of risks or a condition personal to the claimant and not out of a risk peculiar to the employment. In my view, Berry is controlling and requires a reversal of the judgment appealed from. I, therefore, dissent.