627 P.2d 866

**Peter Lynn ADAMCHEK, Petitioner,**

v.

**GEMM ENTERPRISES, INC., d/b/a Bagel Nosh Restaurant and Edward Muzio, Respondents.**

No. 12997.

Supreme Court of New Mexico.

April 23, 1981.

Adams & Foley, Quincy D. Adams, Albuquerque, for petitioner.

Gallagher, Casados & Martin, J. E. Casados, Albuquerque, for respondents.

## OPINION

RIORDAN, Justice.

On December 30, 1980, an opinion in the above case was handed down by this Court. A motion for rehearing was filed by the respondents. The motion was granted in order to reconsider our original opinion. We are hereby withdrawing the opinion of December 30, 1980 and substituting the following opinion.

Defendants-appellees (Gemm, Inc. and Muzio) were granted summary judgment against plaintiff-appellant (Adamchek). Adamchek brought this tort action against his employer and the corporation for injury resulting from a gunshot wound. The defendant moved for summary judgment on the ground that the Workmen's Compensation Act provided the exclusive remedy for plaintiff. The trial court granted the motion. The Court of Appeals affirmed the summary judgment, and we granted certiorari. We reverse the decision of the Court of Appeals and the trial court.

Gemm, Inc., owns a restaurant and Muzio is an officer and stockholder in the Gemm Corporation. Adamchek was employed by Gemm, Inc., as a cook. When Adamchek returned to the restaurant from a personal errand, Muzio was playing with a .357 magnum pistol. Muzio accidentally discharged the gun inflicting serious injuries to Adamchek.

The critical question in the case at bar is whether the accidental shooting of Adamchek was a risk incident to the work itself thereby leaving Adamchek the exclusive remedy provided under the Workmen's Compensation Act.

In *Mountain States Tel. & Tel. Co. v. Montoya,* 91 N.M. 788, 581 P.2d 1283 (1978), the workman was injured after leaving his duties but still on the employer's premises. He was injured by a security guard striking him on the head with a night stick. This Court held that the workman's exclusive remedy in that case was under the Workmen's Compensation Act. A night stick is a device normally used by a security guard in performing his job, a tool of his trade. Although an injury to a fellow employee from the negligent use of a device or tool of the trade may be said to arise out of the employment, in the case at bar, a pistol in the hands of a corporate executive cannot be said to be a device or tool of his trade normally used in the performance of his executive duties. The negligent injury of an employee through the accidental discharge of such a pistol does not ordinarily arise out of the employment.

In *Berry v. J. C. Penney Co.*, 74 N.M. 484, 394 P.2d 996 (1964) this Court, as stated in part, held as follows:

Our workmen's compensation statute requires as a condition to a compensable injury that it arise out of and in the course of the employment. The two parts of the phrase must be separately interpreted. Any accident arising "while at work" is one "in the course of the employment." The terms are synonymous. (Citations omitted.) However, it is well established that under the express statutory language it is not enough that an injury "arose in the course of employment." *It must "arise out of"* as well as "in the course of" the employment. (Citations omitted.) There must not only have been a causal connection between the employment and the accident, *but the accident must result from a risk incident to the work itself.* (Emphasis added.) *Id.* at 485, 394 P.2d at 997.

In *Gutierrez v. Artesia Public Schools*, 92 N.M. 112, 583 P.2d 476 (Ct.App.1978), a teacher's widow sought to recover workmen's compensation benefits for the murder of her husband committed at a time when the victim-teacher was at school but was not at work.

The Court of Appeals clearly defined and delineated the meaning of "arise out of" as used in the Workmen's Compensation Act as follows:

For an injury to "arise out of" the employment, there must be a showing that *the injury was caused by a risk to which the decedent was subjected by his employment. The employment must contribute something to the hazard*, Williams v. City of Gallup, 77 N.M. 286, 421 P.2d 804 (1966).

A definition of "arise out of" adopted by almost every state in the union and referenced to in *Perez*, supra [54 N.M. 339, 224 P.2d 524], comes from an opinion written by Chief Justice Rugg, *In re McNicol*, 215 Mass. 497, 102 N.E. 697, L.R.A.1916A, 306, 4 N.C.C.A. 522 (1913). An employee was assaulted and killed by an obviously intoxicated fellow workman whose quarrelsome and dangerous disposition when intoxicated was well known to the employer. In holding for claimants, the court said:

It is sufficient to say that an injury is received "in the course of" the employment when it comes while the workman is doing the duty which he is employed to perform. *It arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.* Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. *It need not have been foreseen or expected, but after the event if must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.* [102 N.E. at 697]. (Emphasis added.)

This incisive language should put to rest any quarrel with respect to the meaning of "arise out of." By the application of this rule to the instant case, we cannot fathom any basis for plaintiff's argument that decedent's murder arose out of decedent's employment. Decedent's death cannot be traced to his employment as a contributing proximate cause. Decedent would have been equally exposed apart from the employment.

It could have occurred anywhere other than the Hermosa School. The danger was not peculiar to decedent's work or incidental to the school system in Artesia.

*Id.* at 115, 583 P.2d at 479.

Applying the rationale from the above case, we do not see any basis for a ruling that a gunshot wound could be traced to the employment as a restaurant cook being a contributing proximate cause of the gunshot wound in this case.

The decision of the Court of Appeals and the trial court are reversed. The case is remanded to the trial court with instructions to reinstate it on its docket for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and PAYNE and FEDERICI, JJ., concur.