653 P.2d 885

**James Douglas McDANIEL, Plaintiff-Appellant,**

v.

**CITY OF ALBUQUERQUE, Employer, a self-insured municipality, Defendant-Appellee.**

**No. 5703.**

Court of Appeals of New Mexico.

Oct. 26, 1982.

James A. Mungle, P.A., Albuquerque, for plaintiff-appellant.

George R. Bryan, III, Freddie J. Romero, Albuquerque, for defendant-appellee.

OPINION

WOOD, Judge.

Plaintiff was employed as a police officer. On the evening of February 18, 1981, plaintiff was brought to the police station at the direction of the deputy police chief for an administrative inquiry. Plaintiff sought worker's compensation benefits on the basis of his alleged "nervous breakdown" that occurred during the inquiry. The trial court ruled that plaintiff was not entitled to compensation benefits; plaintiff appealed. Disability, or injury, is not an issue in the appeal. The briefs present three issues—whether there was an accident; if there was an accident, whether it arose out of plaintiff's employment; and if there was an accident, whether it was in the course of employment. Section 52–1–28(A)(1), N.M.

S.A.1978. We discuss only the "arising out of" issue inasmuch as that issue is dispositive. The trial court concluded that plaintiff's psychiatric problems did not arise out of his employment. The question is whether the findings support this legal conclusion. *See Goldie v. Yaker,* 78 N.M. 485, 432 P.2d 841 (1967).

The following findings of the trial court are pertinent to the "arising out of" question; each of the findings is supported by substantial evidence.

The trial court found:

(a) An intimate personal relationship had existed between plaintiff and Karen Pawley for approximately two years prior to February 18, 1981.

(b) The personal relationship had become strained and Pawley was attempting to break off the relationship.

(c) "That on February 14, 1981, Plaintiff, while off duty, entered the residence of Gary Faerber without permission; Plaintiff brandished a gun at Karen Pawley and Gary Faerber; Plaintiff forced them to lie on the floor and threatened their lives over a three hour period."

(d) "On February 17, 1981, Plaintiff, while off duty, broke down the front door to Karen Pawley's parent's house, ripping out four locks, and entered that residence without permission."

(e) "That on February 17, 1981, Plaintiff brandished a gun and restricted the movements of Karen Pawley and some members of her family; Plaintiff threatened her life and his own over a four to six hour period."

(f) "That Karen Pawley and her mother related the events of February 14 lnd [sic] 17 to Deputy Chief Jack Martin on February 18, 1981."

(g) "On February 18, 1981, Deputy Chief Jack Martin instructed four members of the Albuquerque Police Department to find James McDaniel and to bring him downtown for administrative inquiry concerning those events."

(h) "Deputy Chief Martin expressed concern that James McDaniel might be danger-ous or unstable because of his earlier activities on the 14th and 17th of February, 1981."

(i) "The administrative action to bring James McDaniel downtown to see Deputy Chief Martin was controlled and incident free."

(j) "That the treatment received by Officer James McDaniel during the administrative procedure was less traumatic than the treatment a private citizen accused of similar conduct could expect to be subjected to."

(k) "That all of James McDaniel's actions relating to Karen Pawley had nothing to do with his employment as a police officer at the Albuquerque Police Department and were solely related to his private life."

The deputy police chief testified that the information he received from Pawley and her mother indicated that various felonies had been committed. The felonies included false imprisonment, burglary and assault. The information supplied by Pawley and her mother provided probable cause to arrest plaintiff on felony charges. *See State v. Deltenre,* 77 N.M. 497, 424 P.2d 782 (1966), *cert. denied* 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).

Despite the existence of probable cause, plaintiff was not arrested. Because the complaints were against a police officer, the deputy police chief felt it was "an administrative matter, first of all." Asked if his actions would have been different if the complaints were not about a police officer, the deputy police chief answered: "Yes, they would have been different in the sense that it would have been criminal and we would have been talking about making an arrest on probable cause."

The requirement in § 52–1–28(A)(1), *supra,* that the accidental injury arise out of the employment relates to cause. *Hernandez v. Home Educ. Livelihood Program,* 98 N.M. 125, 645 P.2d 1381 (App.1982). The "arising out of" requirement excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause; the causative danger must be peculiar to the work, it must not be

independent of the relation of master and servant. After the event it must appear that the accidental injury had its *origin* in a risk connected with the employment and to have flowed from that risk as a rational consequence. *Adamchek v. Gemm Enterprises, Inc.*, 96 N.M. 24, 627 P.2d 866 (1981).

■ The administrative inquiry was concerned solely with plaintiff's "private life" activities, not with his activities as a police officer. *City of L.A. v. Workers' Comp. Appeals Bd.*, 119 Cal.App.3d 355, 174 Cal. Rptr. 25 (1981), states:

In our view a police officer who is accused of criminal activity *which pertains to matters outside of his functioning as a police officer* is in no different a position from any private citizen accused of criminal activity. In the event such accusations should prove to be false, his rights should be no greater than any to which the ordinary private citizen is entitled since such accusation dealt not with his actions in the capacity of a police officer but in the capacity of a private citizen.

Thus, we hold that applicant's injury herein is not compensable under the Workers' Compensation Act if his psychiatric condition is the sole consequence of the Police Department's accusation and investigation of his alleged criminal activities in his capacity as a private citizen and of other non-work related factors. [Emphasis in original.]

The trial court's findings support the conclusion that plaintiff's psychiatric problems did not arise out of his employment as a police officer.

The judgment denying compensation is affirmed. This being a free process appeal by the worker, no appellate costs are awarded. Section 52–1–39, N.M.S.A.1978.

IT IS SO ORDERED.

DONNELLY and NEAL, JJ., concur.