751 P.2d 710

**Gloria GUTIERREZ, Plaintiff–Appellee,**

v.

**AMITY LEATHER PRODUCTS COMPANY, Self–Insured, Defendant–Appellant**

**No. 9869.**

Court of Appeals of New Mexico.

Jan. 26, 1988.

David Archuleta, Albuquerque, for plaintiff-appellee.

Earl R. Norris, Oldaker, Oldaker & Norris, P.A., Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Employer, Amity Leather Products Co. (Amity), appeals from a judgment awarding worker's compensation benefits to the claimant, Gutierrez. The award included total temporary disability benefits, future medical benefits, vocational rehabilitation benefits, travel expenses, and attorney fees and costs. The dispositive issues on appeal are: (1) whether psychogenic pain disorder is a compensable injury under the New

Mexico Worker's Compensation Act (Act), *see* NMSA 1978, Section 52–1–1 (as it read prior to amendment by 1987 N.M.Laws ch. 235, § 1, effective June 19, 1987); (2) whether there was sufficient evidence to support the trial court's finding that Gutierrez' psychogenic pain disorder was a direct and natural result of the accident occurring at Amity on July 26, 1984; (3) whether the trial court erred in not granting Amity's motion for a continuance; and (4) whether Gutierrez presented sufficient evidence on which to base an award of vocational rehabilitation benefits. We discuss the first two issues together. We affirm the trial court.

Gutierrez was employed by Amity on July 26, 1984 when she suffered an on-the-job injury to her right shoulder. Thereafter, Gutierrez saw several physicians and underwent surgery. When Gutierrez continued to experience a chronic pain in her shoulder, she was referred to Dr. Dempsey, a psychiatrist. Dempsey diagnosed Gutierrez as suffering from psychogenic pain disorder and stated that "[t]he essential features of this group of disorders are physical symptoms suggesting physical disorder for which there are no demonstrable organic findings or known physiological mechanisms and for which there is positive evidence, or a strong presumption, that the symptoms are linked to psychological factors or conflicts."

The trial court found that Gutierrez was disabled due to her physical injuries, as well as psychogenic pain disorder. Amity has not challenged the trial court's findings concerning the physical injury to her shoulder and it is undisputed that the shoulder injury was causally connected to the accident.

## I. COMPENSABILITY OF PSYCHOGENIC PAIN DISORDER.

### A. *Recognition of the Cause of Action.*

█ Amity asserts that psychogenic pain disorder is not a compensable injury under the Act because the medical cause for the condition is not known and because it did not arise out of Gutierrez' employment at Amity. We discuss each of these arguments separately.

New Mexico courts have recognized that in cases involving physical injuries sustained during the course and scope of a worker's employment, resulting psychological disabilities are also compensable. *Ross v. Sayers Well Serv. Co.,* 76 N.M. 321, 414 P.2d 679 (1966); *Gonzales v. Gackle Drilling Co.,* 70 N.M. 131, 371 P.2d 605 (1962); *Candelaria v. General Elec. Co.,* 105 N.M. 167, 730 P.2d 470 (Ct.App.1986). Thus, psychogenic pain disorder, insofar as it is a psychological disability, is compensable so long as it was proximately caused by an accident arising out of and in the course of her employment with Amity. *See* NMSA 1978, § 52–1–9 (Repl.Pamp.1987); *Wade v. Aetna Cas. & Sur. Co.,* 735 S.W.2d 215 (Tenn.1987) (psychogenic pain disorder qualifies as a compensable mental illness when causally connected to a work-related accident).

### B. *Causal Connection.*

█ Amity claims that Gutierrez failed to meet her burden of establishing the medical and scientific cause of psychogenic pain disorder. Amity relies on the testimony of Dr. Dempsey, a board-certified psychiatrist licensed to practice medicine in this state. No challenge has been made to the competency of Dr. Dempsey to render an expert medical opinion. Dr. Dempsey testified to the effect that he could not "scientifically" explain the cause of psychogenic pain disorder. Amity confuses scientifically proven knowledge with the required proof. By statute, Gutierrez was required to establish the causal connection between the disability and the accident as a reasonable medical probability by expert testimony; she was not required to present proof of the scientific basis for psychogenic pain disorder. *See Geeslin v. Goodno, Inc.,* 77 N.M. 408, 423 P.2d 603 (1967); *Gallegos v. Kennedy,* 79 N.M. 590, 446 P.2d 642 (1968); *Trujillo v. Beaty Elec. Co.,* 91 N.M. 533, 577 P.2d 431 (Ct.App. 1978) (Sutin, J., specially concurring).

On appeal, this court views the evidence in the light most favorable to the trial

court's decision, and disregards all evidence and inferences to the contrary. *See Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984); *Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The issue is not whether there is evidence to support an alternative result, but, rather, whether the trial court's result is supported by substantial evidence. *Bagwell v. Shady Grove Truck Stop,* 104 N.M. 14, 715 P.2d 462 (Ct.App.1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Schober v. Mountain Bell Tel.,* 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980). Although contrary evidence is presented which may support a different verdict, this court does not reweigh the evidence. *See State v. Lujan,* 103 N.M. 667, 712 P.2d 13 (Ct.App.1985).

█ Upon review of the evidence, we find support for the trial court's finding that the condition diagnosed by Dr. Dempsey was within a reasonable medical probability a natural and direct result of the accident at Amity. Dr. Dempsey testified that based on medical probability, the psychogenic pain disorder is secondary to, and was caused by Gutierrez' shoulder injury of July, 1984. Moreover, from a clinical perspective, he found a temporal relationship between the accident and the injury, and that the accident played a role in Gutierrez' psychogenic pain disorder. While there are conflicts in Dr. Dempsey's testimony, it is for the trier of fact, not a reviewing court, to reconcile the inconsistent or contradictory statements of the witnesses. *Lopez v. Smith's Mgmt. Corp.,* 106 N.M. 416, 744 P.2d 544 (Ct.App.1986). This rule is equally applicable to conflicts within the testimony of a single witness. *Id.* Dr. Dempsey's testimony is sufficient to establish the requisite causal connection. *Compare Renfro v. San Juan Hosp. Inc.,* 75 N.M. 235, 403 P.2d 681 (1965) (the required proof is not present if the medical testimony only establishes that one of several factors could have caused the disability) *with Crane v. San Juan County,* 100 N.M. 600, 673 P.2d 1333 (Ct.App.1983) (clear import of medical testimony negated two equally probable causes and was but-

tressed by an incident at work immediately prior to the accident). Thus, Amity's argument that psychogenic pain disorder is not a compensable injury under the Act must fail.

## C. *Arising out of.*

█ In addition to showing that the psychological injury is proximately caused by the accident, a disability is compensable only if it results from an accidental injury "arising out of" and occurring "in the course of" the worker's employment. §§ 52-1-9 and -28(A). These are two distinct requirements: the "arising out of" relates to cause, whereas "in the course of" refers to the time, place, and circumstances under which the injury occurred. *Hernandez v. Home Educ. Livelihood Program, Inc.,* 98 N.M. 125, 645 P.2d 1381 (Ct.App.1982). For an injury to "arise out of" the employment, there must be a showing that the injury was caused by a risk to which the plaintiff is subjected by reason of his employment. *Velkovitz v. Penasco Indep. School Dist.,* 96 N.M. 577, 633 P.2d 685 (1981). The employment must contribute something to the hazard of the injury. *Williams v. City of Gallup,* 77 N.M. 286, 421 P.2d 804 (1966).

█ The "arising out of" requirement, however, excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause; the causative danger must be peculiar to the work and must not be independent of the relation of master and servant. After the event it must appear that the accidental injury had its origin in a risk connected with the employment and flowed from that risk as a rational consequence. *Adamchek v. Gemm Enter., Inc.,* 96 N.M. 24, 627 P.2d 866 (1981); *McDaniel v. City of Albuquerque,* 99 N.M. 54, 653 P.2d 885 (Ct.App. 1982).

█ Amity argues that Gutierrez' psychogenic pain disorder does not "arise out of" her employment because it is related to the receipt of compensation benefits and is not a risk of employment, and because Gutierrez was equally exposed to the risk of

**30**

developing psychogenic pain disorder apart from her employment. We disagree. In *Candelaria v. General Elec. Co.*, this court concluded that a "psychological injury resulting from a sudden or gradual emotional stimulus 'arises out of' employment when it is causally related to the performance of job duties." 105 N.M. at 174, 730 P.2d at 477. In this case, there was evidence that the pain disorder was caused by the shoulder injury, which occurred at work. Under these circumstances, the "arising out of" issue depends on an application of substantial evidence rules. *See Beyale v. Arizona Public Serv. Co.*, 105 N.M. 112, 729 P.2d 1366 (Ct.App.1986). Viewing the evidence in the light most favorable to the trial court's judgment, we conclude that the pain disorder arose out of claimant's employment within the meaning of the Act. *See Oliver v. City of Albuquerque*, 106 N.M. 350, 742 P.2d 1055 (1987) (the "arising out of" requirement was met, where fire fighter's preexisting condition of arteriosclerosis was aggravated by on-the-job stress causing a heart attack); *see generally* 1B Larson, *Workmen's Compensation Law* § 42.24(b) (1987) (concerning compensation neurosis, where the line of causation from the original injury to the anxiety over the compensation and the accompanying neurosis is unbroken).

Moreover, Gutierrez' alleged predisposition to psychogenic pain disorder does not preclude recovery. *See Shannon v. Sandia Corp.*, 79 N.M. 634, 447 P.2d 514 (1968); *Pena v. New Mexico Highway Dep't*, 100 N.M. 408, 671 P.2d 656 (Ct.App. 1983). Finally, it is not necessary that the accident be the sole cause of the psychological disability, so long as the disability is shown to have naturally and directly resulted from the accident. *See Lopez v. Smith's Mgmt. Corp.; cf. Renfro v. San Juan Hosp., Inc.*

Based on the above, there is sufficient evidence to support the trial court's finding that Gutierrez' psychogenic pain disorder was the natural and direct result of the work-related accident and subsequent injury to a reasonable degree of medical proba-

bility. Thus, the award of worker's compensation benefits was proper.

## II. DENIAL OF CONTINUANCE.

Amity also asserts that because the deposition testimony of Dr. Dempsey differed significantly from his trial testimony, the trial court erred in refusing to grant a continuance to allow Amity to find expert testimony to rebut the trial testimony. Denial of a motion for a continuance is discretionary, and absent an abuse of discretion, the trial court will not be reversed. *See Albuquerque Nat's Bank v. Albuquerque Ranch Estates, Inc.*, 99 N.M. 95, 654 P.2d 548 (1982). We do not agree that there was a significant difference between the deposition and the doctor's trial testimony. Much of Dr. Dempsey's testimony appears to clarify and expand upon his deposition testimony at trial. Moreover, Amity was aware of the inconsistencies contained in the deposition of Dr. Dempsey. We find no abuse of discretion.

## III. AWARD OF VOCATIONAL REHABILITATION BENEFITS.

Finally, Amity argues that Gutierrez failed to present evidence that she required vocational rehabilitation benefits consisting of a general business curriculum. Amity does not dispute that Gutierrez is unable to return to her former employment; indeed, Amity argues that Gutierrez failed to establish a need for an office occupation education.

Under the Act, Gutierrez was entitled to such vocational rehabilitation services as were necessary to return her to suitable employment. While this section is mandatory in nature, Gutierrez had the burden of presenting sufficient evidence so as to establish a need for rehabilitation benefits. *See Lopez v. Smith's Mgmt. Corp.; Nichols v. Teledyne Economic Dev. Co.*, 103 N.M. 393, 707 P.2d 1203 (Ct.App.1985).

The trial court found:

8. Gutierrez is unable to return to her former employment as an assembly line worker due to her physical injuries and psychogenic pain disorder.

. . . .

10. Each of Gutierrez' prior jobs involved frequent bending, lifting and carrying of items in excess of twenty pounds on a regular basis.

. . . .

12. Gutierrez, as a result of this accident, is wholly unable to perform any work for which she is fitted by age, education, training, general physical and mental capacity and previous work experience.

. . . .

15. Gutierrez is presently undergoing a course of vocational rehabilitation under the supervision and direction of the Division of Vocational Rehabilitation for the State of New Mexico which requires her attending general business occupation courses at the Technical Vocation Institute in Albuquerque. . . .

16. Gutierrez is entitled to vocational rehabilitation services within the meaning of the New Mexico Worker's Compensation Act.

17. It is anticipated that Gutierrez' disability should not last more than one year from the date of trial.

These findings have not been challenged on appeal and are therefore binding on this court. *See Blumenthal v. Concrete Constructors Co. of Albuquerque, Inc.,* 102 N.M. 125, 692 P.2d 50 (Ct.App.1984). These findings are supported by substantial evidence and support the trial court's conclusion that Gutierrez is entitled to receive vocational rehabilitation benefits in accordance with the Act.

IV. CONCLUSION.

The judgment of the trial court is affirmed. Gutierrez is awarded attorneys fees on appeal in the amount of $2,500. We deem oral argument unnecessary. *Garcia v. Genuine Parts Co.,* 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

IT IS SO ORDERED.

MINZNER and FRUMAN, JJ., concur.