403 P.2d 681

Opal RENFRO, Plaintiff-Appellant
and Cross-Appellee,

v.

SAN JUAN HOSPITAL, INC., Employer, and
United States Fidelity and Guaranty Com-
pany, Insurer, Defendants-Appellees and
Cross-Appellants.

No. 7667.

Supreme Court of New Mexico.

June 21, 1965.

Webb & Beavers, W. Byron Caton, Farmington, for appellant and cross-appellee.

Tansey, Wood, Rosebrough & Roberts, Farmington, for appellees and cross-appellants.

COMPTON, Justice.

The plaintiff appeals from the denial of workmen's compensation benefits for disability from a back injury claimed to have been suffered by her as the result of a fall arising out of and in the course of her employment. The defendants, pursuant to Supreme Court Rule 17(2), § 21–2–1(17) (2), N.M.S.A., 1953 Comp., cross-appeal from the court's finding that, at the time of the alleged accident, the plaintiff was acting within the scope of her employment, and that the employer received actual notice of the circumstances and extent of the injury.

The appellant, Opal Renfro, was employed by the appellee, San Juan Hospital of Farmington, New Mexico, as a circulating practical nurse or nurse's aide. At the time of the alleged accident she was on 24-hour call duty. On January 12, 1963, in response to a duty call and while going to her car outside her trailer home, she slipped and fell on some ice or snow and suffered pain in her low back. She continued to work, although experiencing pain for which she received medication, until February 28, 1963.

On March 1, 1963, while stepping into a bathtub at her home, she felt sudden pain and a burning sensation in her back and

went to bed. On March 3rd she sought and received emergency treatment at the hospital from a Dr. Gene R. Smith. On March 8th she was hospitalized for traction and was given therapy for ten days while under the care of Dr. Smith. On August 9th she was readmitted to the hospital, and a laminectomy and spinal fusion for a lumbo sacral herniated disc were performed. Thereafter, she brought this action to recover compensation benefits, and for past and future medical expenses resulting from the fall in January, 1963. From an adverse judgment she appeals.

The appellant raises several points among which she attacks the findings and conclusion of the trial court with respect to the insufficiency of the medical evidence to establish causal connection between the accident of January 12, 1963, and the disability claimed. She further contends that the court erred in requiring a greater quantum of medical proof than that required by § 59–10–13.3(B) of the Workmen's Compensation Act, N.M.S.A., 1953 Comp., and in failing to consider non-medical evidence relating to the sequence of events preceding the appellant's disability.

In considering first the point raised as to the quantum of proof required by the court, we deem it beneficial to set forth the findings of the court under attack:

"12. That the only medical testimony in the case did not with reasonable medical certainty relate the plaintiff's injury and consequent disability to the fall which occurred on January 12, 1963.

"13. That the medical testimony in the case was only to the effect that a fall like that of plaintiff could as a reasonable medical probability cause the injuries and disability of plaintiff, but said testimony was not that the fall did cause plaintiff's injuries and disability.

"14. That the medical testimony of the doctor did not rule out the plaintiff's previous back trouble or the bath tub incident as the probable medical cause of plaintiff's injuries and disability and the doctor was unable to testify with any certainty as to a causal connection with the accident of January 12, 1963 and plaintiff's injuries and disability."

The court then found:

"15. That the testimony did not establish to a reasonable medical probability that the injuries and disability of plaintiff are a natural and direct result of the accident of January 12, 1963."

and concluded:

"1. That plaintiff is not entitled to recover compensation because she failed to establish a causal connection as a medical probability by expert

medical testimony between the accident alleged and the disability claimed."

The appellant asserts that findings 12, 13 and 14 demonstrate that the court required her to rule out all other causes, and to prove with reasonable medical certainty, rather than as a reasonable medical probability, that the accident of January 12th was the cause of her disability. We do not agree.

Section 59–10–13.3(B), supra, provides:

"In all cases where the defendants deny that an alleged disability is a natural and direct result of the accident, the workman must establish *that* causal connection as a medical probability by expert medical testimony. No award of compensation shall be based on speculation or on expert testimony that as a medical possibility the causal connection exists." (Emphasis supplied.)

This statute makes it encumbent upon the claimant to present one or more medical experts to testify that in his or their opinion there is a medical probability of causal connection between the accident alleged and the disability claimed. Yates v. Matthews, 71 N.M. 451, 379 P.2d 441; Montano v. Saavedra, 70 N.M. 332, 373 P.2d 824.

As we view the challenged findings, they say that the medical testimony only establishes that the fall could, rather than that it did, as a medical probability, cause the disability. The statute requires that the workman establish "that" causal connection as a medical probability. The burden of proof, under facts such as are present here, is not met if the medical testimony only goes so far as to establish that any one of the several separate factors involved, within the realm of medical probability, could have caused the disability, leaving it to the trier of the facts to take his choice. Such testimony does not rise above speculation and surmise. We think the court was correct in requiring a greater degree of medical probability with respect to the fall than to some other cause. In this sense, we understand the court's use of the word *certainty* to refer to a certainty of medical probability and not to medical certainty. Although now objected to by the appellant, this word was used at the trial by her counsel in the direct examination of the medical expert, and also by counsel for appellees, without objection. The appellant can derive no comfort from White v. Valley Land Company, 64 N.M. 9, 322 P.2d 707 or Alspaugh v. Mountain States Mutual Casualty Co., 66 N.M. 126, 343 P.2d 697, with respect to quantum of proof. Both of these cases, decided under prior workmen's compensation law, recognized that causal connection may be established notwithstanding the lack of medical evidence. This is no longer the law. Notwithstanding all the foregoing, the court heard the medical testimony and aside from any reference to uncertainties therein, made finding No. 15

which clearly states that the court did not understand the doctor to testify that the January 12 incident "as a reasonable medical probability" as a natural and direct result caused claimant's injuries and disability. This being true, even though the evidence would possibly have supported a different finding, the conclusion that appellee was not liable must be sustained. Montano v. Saavedra, supra, which appellant concedes is "similar" to the present case, provides a complete answer to appellant's argument.

The appellant next asserts that the above findings, including No. 15, are legal conclusions as to the sufficiency of the evidence rather than ultimate findings of fact and, therefore, this court is not bound by them and on review may itself weigh the evidence and draw its own conclusions. We do not agree. Findings 12, 13 and 14 set forth the fact that the medical testimony failed to establish causal connection as a medical probability. Finding 15 alone is sufficient to support the conclusion that the appellant is not entitled to recover. See Montano v. Saavedra, supra, and Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327, where similar findings were sustained as having substantial support in the evidence. Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438, cited by appellant, is not in point on the facts.

■■ In determining the substantiality of the evidence we must view it, together with all reasonable inferences to be deduced therefrom, in the light most favorable to the successful party. Blancett v. Homestake-Sapin Partners, 73 N.M. 47, 385 P.2d 568; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1.

The testimony of Dr. Smith, the medical expert, may be summarized as follows: When he examined the appellant for the first time on March 3, 1963, she told him that her back had been hurting for the past two days and had become severe in the lower back as she was entering a bathtub on March 1st. Stepping into the bathtub was the last thing the appellant could remember doing before her symptoms became acute. When it became necessary to hospitalize her on March 8th the additional history was obtained that she had experienced some difficulty with her back in the past and had a similar attack approximately two years previously. He thought it was during this hospitalization, or shortly thereafter, that the appellant recalled she had fallen in the latter part of January or early February, 1963, and that the attack she experienced on March 1st was merely an increase in severity in pain she had been having since the fall. Dr. Smith made no notation in his medical records of a fall until the appellant's second hospitalization in August, 1963.

■■ Dr. Smith gave it as his opinion that the fall could have caused the type of symptoms described by the appellant, but

**240**

he did not know that it would. He stated that in the continual process of degeneration of the low back, it is probable that a very minor injury can precipitate the rupture of a disc. From a medical standpoint, he thought her condition would have several causes. He testified that the last straw could have been normal stress and strain applied to the lower back; that it is medically reasonable that getting into the bathtub was the precipitating cause; that it is within the realm of medical probability that the fall was the precipitating cause. Finally, he stated that in terms of stress and strain on the lower back, the fall would more likely be the last straw than bending over and getting in or out of the tub, adding that he did not know and could not state which incident was the last straw. It is this latter testimony that the appellant contends meets the requirements of the statute as to medical causation. Standing alone, perhaps so, but this statement was made in response to a question as to what significance the doctor would place upon the bathtub incident. We do not understand that the issue of causal connection was limited to the fall and the bathtub incident. There was medical testimony of previous back trouble, a similar attack two years prior to the fall, and that in the process of degeneration of the low back, the last straw can be normal stress and strain. An examination of the medical testimony in its entirety, even recognizing the natural reluctance of a medical expert to make positive statements, fails to reveal testimony which requires a finding that as a medical probability the disability of the appellant was the natural and direct result of the fall. Nevertheless, as we stated in Montano v. Saavedra, supra, the testimony of a physician is opinion testimony and as such is not conclusive, and the trier of the facts may accept, reject, or give such weight only as it deems such evidence is entitled to have, even though uncontradicted. Where medical testimony is conflicting the court's determination will be affirmed. Yates v. Matthews, supra.

Finding 15, that the evidence failed to establish to a reasonable medical probability that the injuries and disability of appellant were a natural and direct result of the accident of January 12, 1963, is substantially supported, and there is no error in the court's conclusion based thereon.

In connection with the appellant's contention that the court erred in considering only medical testimony in determining if she had carried her burden of proof on the issue of causal connection, suffice it to say that absent the establishment of causal connection as a medical probability, as required under § 59–10–13.3(B), supra, nonmedical evidence would be of no avail. Salazar v. County of Bernalillo, 69 N.M. 464, 368 P.2d 141 lends no aid to appellant.

The appellant would have this court determine that there is a lack of sub-

stantial evidence to support the court's finding 11:

"That plaintiff also gave her doctor a history of previous back trouble of the same nature two years before, but plaintiff did not give the doctor any history of a fall on January 12, 1963, as related to her complaints and disability."

It would appear to be her contention that the court found that she had never told the doctor about her fall *at any time*. We do not so construe the finding. She was admitted to the hospital March 3, 1963 for emergency treatment complaining of pain in her back. At that time she gave her doctor a history of what occurred on March 1, 1963, the resulting pain, etc., but did not give him a history of the fall occurring January 12, 1963. It is clear that finding 11 should be construed in the light of her statement made March 3, 1963. The finding has ample support in the evidence. Even had we considered this finding uncertain, doubtful or ambiguous, on review all presumptions in favor of the correctness of the judgment should be indulged. Batte v. Stanley's, 70 N.M. 364, 374 P.2d 124; Hay v. New Mexico State Highway Department, 66 N.M. 145, 343 P.2d 845.

We have examined all of the cases cited by the appellant from this jurisdiction in support of the points raised. Those which were decided under prior workmen's compensation provisions are not applicable to the situation before us, and those which were decided under the present law do not support appellant's position. Montano v. Saavedra, supra, we consider to be in point on most of appellant's contentions and to require affirmance of this appeal.

The conclusion reached obviates consideration of the points raised by the appellees on their cross-appeal under Supreme Court Rule 17(2), supra.

The judgment should be affirmed. It is so ordered.

CHAVEZ and MOISE, JJ., concur.