663 P.2d 1198

Raymond GARCIA, Plaintiff-Appellant,

v.

ALBUQUERQUE PUBLIC SCHOOLS, Employer and Insurer; and Vicente B. Jasso, Superintendent of Insurance of the State of New Mexico, and Custodian of the Subsequent Injury Fund of the State of New Mexico, Defendants-Appellees.

No. 5990.

Court of Appeals of New Mexico.

May 10, 1983.

James G. Chakeres, Horton & Associates, Albuquerque, for plaintiff-appellant.

Donald C. Schutte, Johnson & Lanphere, Albuquerque, for defendant-appellee Albuquerque Public Schools.

James Randall Glover, Albuquerque, John E. Conway, Montgomery & Andrews, Santa Fe, for defendant-appellee Vincent Jasso.

## OPINION

LOPEZ, Judge.

The plaintiff appeals a summary judgment granted in his workmen's compensation suit against Albuquerque Public Schools. We affirm.

This appeal presents two issues: 1. Whether the summary judgment was properly granted; 2. Whether a deposition taken without leave of court can be used in connection with a motion for summary judgment.

FACTS

Plaintiff was injured in November of 1980 while working as a custodian for Albuquerque Public Schools. Following plaintiff's work-related injury APS paid him temporary total disability workmen's compensation benefits. The payments were being made on January 19, 1982, when plaintiff brought suit in this case, asking for determination of permanent disability, past and future medical expenses, rehabilitation expenses and attorney's fees. Plaintiff specifically alleged that he had unpaid medical expenses for which APS refused to pay and

that he had been prescribed rehabilitation, for which APS refused to pay. The claim for unpaid medicals was abandoned in plaintiff's brief. Plaintiff does not allege that he is not receiving the maximum allowable weekly compensation benefits. APS answered denying these allegations and affirmatively alleged that it was paying maximum compensation benefits. APS filed its motion for summary judgment on grounds of premature filing of plaintiff's claim against the employer as set out in § 52–1–69, N.M.S.A.1978, and that all reasonable medical and rehabilitational services were being provided.

POINT NO. 1. PROPRIETY OF A SUMMARY JUDGMENT

The trial court based its judgment on statutory prematurity under § 52–1–69.

The plaintiff challenges the summary judgment on grounds that failure of the APS to reimburse his rehabilitation expenses triggers a determination by the trial court of workmen compensation benefits and entitlements. To support this contention, plaintiff advances the theory of estoppel and the theory that maximum compensation benefits must be distinguished from rehabilitation expenses. APS contends that the trial court was correct. We shall decide plaintiff's two sub-points separately.

A.  *Estoppel.*

■  Plaintiff claims that APS represented that it would reimburse plaintiff for rehabilitation expenses, that plaintiff relied on the representation to his detriment and, therefore, APS should be estopped from denying liability under the shield of the Workmen's Compensation Act. The cases cited by plaintiff relate to estoppel as applied to various workmen's compensation cases, however none of them deal with a factual situation similar to the case at bar.

APS responds to plaintiff's argument with the contention that plaintiff could not have relied on APS's representations regarding rehabilitation when plaintiff undertook locksmith training some time before APS recommended rehabilitation training. Facts in the transcript show that plaintiff started payments to the Belsaw Institute for Locksmithing sometime in early 1981. [The dates on cancelled checks are hard to read but the check on the bottom of transcript page 209 is numbered 1507 and was written on April 30, 1981. The preceding checks numbered 1493, 1475, and 1416 which also appeared on page 209 were written before April 30, 1981.] Plaintiff states that payments for the locksmith course started in January 1981.

In an affidavit sworn on June 1, 1982, plaintiff stated that he enrolled in a locksmith course, that APS knew of plaintiff's enrollment in the course, and that APS's claims representative received information regarding the rehabilitation course but had not reimbursed plaintiff for tuition or supplies. Plaintiff's affidavit also contained the following:

2.  I have had discussions with Mr. Jim Tanner [APS's claims representative] on starting me on rehabilitation in early 1982, but that I was informed by him that Albuquerque Public Schools would not advance any rehabilitation funds.

The chronology of events shows that plaintiff started the locksmith course in early 1981. We are cited to no date when APS told plaintiff that he would be reimbursed for rehabilitational expenses. Through paragraph two of plaintiff's affidavit, quoted above, we can see that APS talked to plaintiff about starting rehabilitation in early 1982, but that APS would not fund it. In *State Farm Mutual Automobile Ins. Co. v. Gonzales,* 83 N.M. 296, 491 P.2d 513 (1971), the court stated that there is no estoppel unless a person acted in reliance on the acts of the other whereby the person was induced to take a position to his prejudice or detriment. In the case at bar, the fact recited above shows that plaintiff acted with the expectation that APS would reimburse him for his training. The facts, however, do not show that plaintiff acted in

reliance upon assertions made by APS. Rather, there is no evidence that APS and plaintiff had even discussed rehabilitation at the time plaintiff started the locksmith course. Moreover, by plaintiff's own affidavit, there is evidence that Garcia knew that APS would not pay for his vocational retraining expenses. Accordingly, APS was not estopped from claiming that plaintiff was not entitled to reimbursement for his vocational rehabilitation. Since there was no evidence of estoppel, there was no genuine issue of material fact on that ground and summary judgment was proper. N.M. R.Civ.P. 56, N.M.S.A.1978 (1980 Repl. Pamph.); *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

### B. *Maximum Compensation Benefits.*

■ The trial court denied plaintiff's claim for reimbursement of rehabilitation expenses on the grounds of statutory prematurity. Section 52–1–69. The issue, however, is whether plaintiff complied with § 52–1–50, N.M.S.A.1978 (1982 Cum.Supp.), which provides for payment of certain rehabilitation expenses. The record shows that plaintiff did not seek to establish his need for rehabilitation services; rather, he sued for reimbursement of monies expended for such services. Clearly, plaintiff did not follow the requirements of § 52–1–50, which provides as follows:

> In addition to the medical and hospital services provided in Section 52–1–49 NMSA 1978, the employee shall be entitled to such vocational rehabilitation services, including retraining or job placement, as may be necessary to restore him to suitable employment where he is unable to return to his former job. *The court shall determine whether a disabled employee needs vocational rehabilitation services and shall cooperate with, and refer promptly all cases in need of such services to, the appropriate public or private agencies in this state or where necessary in any other state for such services.* An employee who, as a result of

injury, is or may be expected to be totally or partially incapacitated for a remunerative occupation, and who, under the discretion of the court, is being rendered fit to engage in a remunerative occupation, may, under regulations adopted by it, receive such additional compensation as may, in the discretion of the court, be deemed necessary for his board, lodging, travel and other expenses and for the maintenance of his family during the period of rehabilitation; however, such additional compensation shall not exceed three thousand dollars ($3,000). *Such maintenance and other expense shall be paid by the employer in addition to compensation allowed under other sections of the Workmen's Compensation Act* [52–1–1 to 52–1–69 NMSA 1978]. The refusal of the employee to avail himself for rehabilitation under the provisions of this act [this section] shall not result in any forfeiture or diminution of any award made pursuant to the Workmen's Compensation Act of the state of New Mexico.

§ 52–1–50 (Emphasis added).

We hold that plaintiff's failure to establish the need for rehabilitation prevents him from filing suit for reimbursement of the costs of such services. *Minnerup v. Stewart Bros. Drilling Co.,* 93 N.M. 561, 603 P.2d 300 (Ct.App.1979). Although the issue is not a question of statutory prematurity, but a question of reimbursement under § 52–1–50, the judgment of the trial court must be upheld if it is right for the wrong reason. *Romero v. Prince,* 85 N.M. 474, 513 P.2d 717 (Ct.App.1973).

POINT NO. II. WHETHER A DEPOSITION TAKEN WITHOUT LEAVE OF COURT CAN BE USED IN CONNECTION WITH A MOTION FOR SUMMARY JUDGMENT.

■ At the hearing on the motion for summary judgment plaintiff attempted to use portions of a deposition. The trial court refused to accept the deposition evidence because it was not taken pursuant to § 52–1–34, N.M.S.A.1978.

Section 52–1–34 pertains to procedures in compensation cases and provides as follows:

The Rules of Civil Procedure for the District Courts and the Supreme Court Rules shall apply to all claims, actions and appeals under the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] except where provisions of the Workmen's Compensation Act directly conflict with these rules, in which case the provisions of the Workmen's Compensation Act shall govern. *It is provided, however, that any interrogatories, discovery procedures and depositions authorized by the Rules of Civil Procedure shall be had only after motion of one of the parties therefor and the court having jurisdiction finds, after due hearing, that good cause exists, that the evidence to be obtained will probably be material to the issues of the cause and the court enters an order authorizing the same.* The cost and expense of any interrogatory, discovery procedure or deposition ordered by the court shall be paid by the defendants in the claim or action and in no event shall any unsuccessful claimant be responsible for the cost or expense of any interrogatory, discovery procedure or deposition ordered by the court.

§ 52–1–34 (Emphasis added).

In *Reed v. Fish Engineering Corporation,* 74 N.M. 45, 390 P.2d 283 (1964), the court considered the predecessor section to § 52–1–34 and stated as follows:

Clearer language could not have been devised to state that discovery procedures authorized by the rules of civil procedure would not be applicable without the motion and order required by the statute. Althought we might be disposed to give a liberal interpretation so that depositions taken after notice and without objection would be admissible, we are prevented from doing so by the specific direction of the legislature. It said discovery could be had "only" after motion and the making of certain findings after hearing, and the entry of an order. For us to conclude this was merely directory and not mandatory would do violence to and nullify the language used.

74 N.M. at 53, 390 P.2d 283.

Notwithstanding plaintiff's contention that it is the practice of the Albuquerque Bar to take depositions without leave of court, the court in *Reed* ruled that the language of 52–1–34 is mandatory.

We hold that the trial court properly denied admission of the deposition.

Summary judgment is affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and HENDLEY, J., concur.