673 P.2d 1333
**Anita CRANE, Plaintiff-Appellee,**

**v.**

**SAN JUAN COUNTY, NEW MEXICO
and Reliance Insurance Company,
Defendants-Appellants.**

**No. 7301.**

Court of Appeals of New Mexico.

Nov. 8, 1983.

Certiorari Denied Dec. 19, 1983.

Thomas J. Hynes, Hynes & Hale, Farmington, for plaintiff-appellee.

Carlos G. Martinez, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

## OPINION

WALTERS, Chief Judge.

Plaintiff, in an action under the Workmen's Compensation Act, NMSA 1978, Sections 52-1-1 et seq., was awarded total disability benefits of $161.50 per week for 600 weeks, pursuant to NMSA 1978, § 52-1-41.

Defendants' points of error may be summarized as follows:

(1) The trial court's finding that plaintiff's disability was caused by a work-related accident was not supported by substantial evidence;

(2) Plaintiff's benefits should have been limited to those provided in Section 52-1-43, the scheduled injury section of the Act;

(3) Defendant was entitled to a credit against the workmen's compensation award for the salary paid to plaintiff in the period following her injury; and

(4) The award of attorney's fees was excessive.

We affirm in part and reverse in part.

FACTS

Plaintiff began working for the San Juan County Sheriff's Department as a secretary in 1972. In November, 1981 she lost 98% of the vision in her left eye when she suffered a hemorrhage in that eye. That accident occurred while plaintiff was at home, and no claim for workmen's compensation was made for that injury.

Plaintiff returned to work at the sheriff's department in March 1982. On June 7, 1982, while at work, she suffered a hemorrhage in her other eye which resulted in an 80% loss of vision of the right eye. Although plaintiff never returned to work after June 7th, she remained on the payroll, receiving her regular salary until December 31, 1982, when her employment was terminated. This claim for compensation followed.

1. *Causation*

The trial court made the following pertinent findings:

2. On, or about, June 7, 1982, Plaintiff suffered an accident within the course and scope of her employment. The said accident resulted in partial loss of vision to Plaintiff's right eye.

3. That as a result of the injuries suffered in the course of Plaintiff's employment, she is totally disabled from performing any type of work for which she is suited as a result of age, education, training and work experience.

4. That as a result of the injury of June 7, 1982, the Plaintiff is totally disabled.

5. That the injury to Plaintiff of June 7, 1982 was caused by the stress from her job.

Defendants have not attacked the trial court's finding of total disability. They contend plaintiff failed to prove essential elements required under Section 52–1–28. Defendants argue that the accident of June 7, 1982, although occurring at work, was not reasonably incident to plaintiff's employment and could have happened at home as did the hemorrhage to the left eye. Further, defendants say plaintiff failed to prove causal connection since there were two equally probable causes for plaintiff's high blood pressure.

■ In a workmen's compensation proceeding, the trial court's findings of fact will not be disturbed on appeal if they are supported by substantial evidence. *Lyon v. Catron County Commissioners*, 81 N.M. 120, 464 P.2d 410 (Ct.App.1969). " 'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion * * *." *Den-Gar Enterprises v. Romero*, 94 N.M. 425, 611 P.2d 1119 (Ct.App.1980).

Dr. Rosser Cole, an ophthalmologist, testified that, to a reasonable degree of medical probability, the cause of plaintiff's hemorrhage and subsequent loss of vision in her right eye was high blood pressure. In the opinion of Dr. Francis Murray, a specialist in internal medicine, plaintiff's high blood pressure at the time of the June 7, 1982 accident was, to a reasonable degree of medical probability, caused by tension created by plaintiff's job situation.

On cross-examination of Dr. Murray, defendants attempted to impeach his opinion by suggesting that the high blood pressure was caused by family problems. Defendants argue that Dr. Murray's testimony establishes two equally probable causes—family stress as well as job stress. *See Renfro v. San Juan Hospital, Inc.*, 75 N.M. 235, 403 P.2d 681 (1965). The clear import of Dr. Murray's testimony, however, particularly the testimony correlating rises in blood pressure to times plaintiff returned to work, negates two equally probable causes. His opinion on direct is buttressed by an incident *at work*, immediately before the eye hemorrhaged, that exposed plaintiff to stress.

■ This Court considers only that evidence favorable to the findings of the trial court and does not weigh conflicting evidence or inferences, or the credibility of witnesses. *Turner v. New Mexico State Highway Dept.*, 98 N.M. 256, 648 P.2d 8 (Ct.App.), *cert. denied*, 98 N.M. 336, 648 P.2d 794 (1982). As a result, the trial court's findings that plaintiff's June 7, 1982 injury and disability were caused by job stress is supported by substantial evidence. We, therefore, uphold the trial court's findings that the injury arose out of and in the course of her employment. *See Gray v. J.P. (Bum) Gibbins, Inc.*, 75 N.M. 584, 408 P.2d 506 (1965); *Williams v. Skousen Constr. Co.*, 73 N.M. 271, 387 P.2d 590 (1963).

2. *Amount of benefits*

Section 52–1–43(D) provides as follows: The loss of both hands, or both arms, or both feet, or both legs, or both eyes or any two of them, in the absence of conclusive proof to the contrary, constitutes total disability, permanent in character; *provided, the employer shall not be liable for compensation for total disability if the loss of one arm, foot, leg, or eye occurred before the accidental injury for which claim is made, but in that event compensation shall be paid only in accord-*

ance with the schedule set forth in Subsection A of this section.

(Emphasis added.)

Plaintiff disputes application of Section 52–1–43(A)(41) (total blindness of one eye) on two grounds: First, that this case is controlled by the holdings in *Am. Tank & Steel Corp. v. Thompson,* 90 N.M. 513, 565 P.2d 1030 (1977), and *Witcher v. Capitan Drilling Company,* 84 N.M. 369, 503 P.2d 652 (Ct.App.1972); second, that plaintiff suffered a "loss of use" of her eye rather than a "loss of" her eye and consequently, the limitations of Section 52–1–43(D) do not apply.

We disagree with both of plaintiff's arguments. Neither *Witcher* nor *Thompson* is on point; neither of those cases, unlike the case now being considered, dealt with a condition covered by the proviso in Section 52–1–43(D).

■ Plaintiff articulates no rational basis upon which the legislature might have meant to include only the "loss of" the body members mentioned, but to exclude the "loss of use" of those body members from the coverage of subsection D. Indeed, our Supreme Court has expressly decided a loss of use of one eye is included within the scope of subsection D, unless there is other disability to the body also resulting from the injury, which would bring the injury out of the "specific body member" section. *Webb v. Hamilton,* 78 N.M. 647, 436 P.2d 507 (1968) states:

The language of [Section 52–1–43(D)] * * * simply means that where the loss of sight in one eye results in total disability because the sight had previously been lost in the other eye, the limitation provided in the schedule (120 weeks) for the loss of one eye shall apply.

This portion of *Webb v. Hamilton,* not being in conflict with *Witcher,* was not overruled in *Thompson.*

We are not unmindful of the liberal construction to be given the Workmen's Compensation Act. *Sena v. Continental Cas.* *Co.,* 97 N.M. 753, 643 P.2d 622 (Ct.App. 1982). However, that liberality has never been interpreted to give the courts license to disregard the statute or to alter its meaning in the course of construing it. *Ross v. Marberry & Co.,* 66 N.M. 404, 349 P.2d 123 (1960). The claim of unfairness to the employee ascribed by the plaintiff to the result of Section 52–1–43(D) if applied to one who is now, for all practical purposes, totally deprived of her eyesight, should be addressed to the New Mexico Legislature. *Newhoff v. Good Housekeeping, Inc.,* 94 N.M. 621, 614 P.2d 33 (Ct.App. 1980).

■ We hold, therefore, that the benefits to which the plaintiff is entitled are those provided in Section 52–1–43, and that, as a result, the trial court erred in awarding total disability benefits under Section 52–1–41. Plaintiff's award must be reduced to the statutory allowance of $129.20 per week for 120 weeks. *See* NMSA 1978, § 52–1–43(A)(41).

## 3. *Credit for salary paid*

■ Defendants argue that if compensation is due the plaintiff, a credit against the amount owed should be allowed for the salary paid to the plaintiff from the time of the injury, June 7, 1982, until her employment was terminated on December 31, 1982. They characterize the salary as having been paid "in lieu of" workmen's compensation and that, under the holding in *Roybal v. County of Santa Fe,* 79 N.M. 99, 440 P.2d 291 (1968), credit is mandated.

We agree that *Roybal* is the leading case in this jurisdiction on the precise question of whether salary or wages paid subsequent to a work-related accident should be credited against compensation benefits.

Under *Roybal,* if wages are paid in lieu of compensation benefits, then a credit is allowed. That question is one of fact. The criteria for its determination, as quoted in *Roybal,* 79 N.M. at 102, 440 P.2d at 294, from 2 Larson, Workmen's Compensation Law §§ 57.41–57.42, are as follows:

"If the payment of wages was intended to be in lieu of compensation, credit for the wages is allowed. However, since there is seldom any direct evidence on whether such an intention lay behind the payment, it must be inferred from the circumstances surrounding the payment." [Citation omitted.]

"The most important of these circumstances seems to be the question whether the injured man really earned his wages. If he is paid his regular wage although he does no work at all, it is a reasonable inference that the allowance is in lieu of compensation. An occasional court will say that such a payment is to be deemed a gratuity, but this, in the absence of special facts indicating a charitable motive, is unrealistic. * * *

\* \* \* \* \* \*

"By contrast, if the man [employee] is giving a dollar's worth of labor for every dollar he is paid, the intention of the employer cannot be said to be that of supplying a substitute for workmen's [workers'] compensation; it is simply to purchase these services from this man on the same terms as from any other man. Therefore credit is usually disallowed when it can be shown that the claimant earned the wages he was paid during the period in question. * * * " Section 57.-42, pp. 18–20.

In this case a memo was admitted into evidence which recommended that the San Juan County Personnel office continue to pay plaintiff's salary on the justification that she was due many hours of theretofore uncompensated overtime. Defendants requested a finding that plaintiff was paid her full salary in lieu of compensation benefits. The trial court's denial of this request is regarded as a finding against defendants. *See Roybal; Dotson v. Grice,* 98 N.M. 207, 647 P.2d 409 (1982). In light of the above evidence, the trial court could properly deny the request.

## 4. *Attorney's fees*

■ Plaintiff moved, after the case had been docketed, calendared and partially briefed in this Court, to remand the matter to the district court for supplementary findings and conclusions regarding attorney's fees which the trial court had adopted after judgment had been filed. To avoid further delay in determining the case in its entirety, and to preclude a second appeal on that issue only, we permitted the record to be supplemented by those additional findings and conclusions. Defendants' objections to our consideration of that part of the record gives no effect to the order of this Court or the reasons for its entry.

Although we do not decide that the attorney's fee allowed was excessive under the judgment rendered, the effect of our holding in this case is to substantially reduce the benefits awarded to plaintiff. Upon remand, the trial court must consider, on the question of attorney fees, our modification of the amount of compensation recovered by plaintiff inasmuch as the relative success of plaintiff is a factor to be considered. *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979). The fee awarded must be reasonable in relation to the success obtained. Further, "consideration" of *Fryar* factors is an insufficient finding. *Aguilar v. Penasco Independent School District No. 6,* 22 SBB 965 (Ct.App.1983). Certiorari was granted in *Aguilar* on August 23, 1983, but the petition for certiorari does not challenge our remand on the question of attorney fees.

The case is remanded for entry of a corrected judgment awarding scheduled injury benefits to plaintiff, and for reconsideration of the amount of the fee award and proper findings supporting the award. No attorney fees are awarded on appeal.

Counsel is reminded that as of January 1, 1983, the page size of court pleadings was reduced to 8½ × 11 inches. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C R. 304(c).

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.