744 P.2d 544

**Robert LOPEZ, Plaintiff-Appellee,**

v.

**SMITH'S MANAGEMENT CORPORA-
TION, Defendant-Appellant.**

No. 8449.

Court of Appeals of New Mexico.

May 27, 1986.

Certiorari Quashed Oct. 15, 1987.

Michael P. Watkins, Gallagher & Casados, P.C., Albuquerque, Siobhan Nada, Corrales, for plaintiff-appellee.

Ronald J. Childress, Klecan & Childress, Albuquerque, for defendant-appellant.

## OPINION

GARCIA, Judge.

Prior to his employment with defendant, plaintiff had a latent disorder, schizophrenia. The trial court found that this condition was exacerbated by job stress, causing plaintiff's schizophrenia to become patent and disabling. The court determined that plaintiff suffered an accidental injury to his mind and awarded maximum compensation benefits, vocational rehabilitation and both pre- and post-judgment interest. Defendant takes a timely appeal from the court's judgment.

## ISSUES

While six issues were raised in defendant's docketing statement, they can be combined into four categories: (1) whether plaintiff suffered a disabling and compensable accidental injury which arose out of and in the course of his employment; (2) whether substantial evidence supports the trial court's decision; (3) whether the trial court erred in awarding interest on the judgment; and (4) whether plaintiff was entitled to vocational rehabilitation benefits.

## ISSUE I

At the time this appeal was filed, New Mexico appellate courts had yet to determine whether a mental injury caused by a mental stimulus was compensable under the Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 to –69 (Orig. Pamp. & Cum.Supp.1985). While this appeal was pending, however, this court issued its opinion in *Candelaria v. General Electric Co.*, 105 N.M. 167, 730 P.2d 470 (Ct.App.1986), *cert. quashed*, 105 N.M. 111, 729 P.2d 1365 (1986), and that case is dispositive of this issue. In *Candelaria*, we stated:

> If both physical trauma leading to psychological disability, and emotional stress, leading to physical disability are compensable, it follows that emotional stress leading to psychological disability comes within the Act. We hold that a psychological disability caused by stress arising out of and in the course of employment is compensable.

*Id.* at 171, 730 P.2d at 474.

We also determined that "psychological injury resulting from a sudden or gradual emotional stimulus 'arises out of' employment when it is causally related to the performance of job duties." *Id.* at 174, 730 P.2d at 477. Thus, with psychological disability compensation claims, a plaintiff has the same burden of proof that he would have with any sudden or gradual physical disability claim. No additional proof requirements exist. The fact that plaintiff had a predisposition to a mental injury does not serve to void his entitlement to workmen's compensation benefits. *Candelaria.* New Mexico courts now recognize that psychological disability, caused by job-related emotional stress, is compensable under the Workmen's Compensation Act. We affirm the trial court on this issue.

## ISSUE II

We utilize the substantial evidence test to determine whether the evidence supports the court's findings and judgment. The tenets of the rule are threefold: (1) that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) that on appeal, all disputed facts are resolved in favor of the successful party, with all reasonable inferences indulged in support of the verdict, and all evidence and inferences to the contrary discarded; and

(3) that although contrary evidence is presented which may have supported a different verdict, the appellate court will not weigh the evidence or foreclose a finding of substantial evidence. *State v. Martinez*, 95 N.M. 445, 623 P.2d 565 (1981); *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968); *Tapia v. Panhandle Steel Erectors Co.*, 78 N.M. 86, 428 P.2d 625 (1967); *State v. Lujan*, 103 N.M. 667, 712 P.2d 13 (Ct. App.1985).

Defendant challenges the court's finding that an accidental injury occurred on September 27, 1982, because on that date plaintiff did not tell Dr. Feierman about any work-related problems. Rather, plaintiff complained of marital troubles.

■ Plaintiff's own testimony, together with the Vista Sandia discharge summaries, particularly the summary of November 11, 1982, supports the court's finding that an accidental injury occurred on September 27th. We recognize that there are conflicts in the evidence and that there was evidence from which the trial court could have determined that plaintiff's disability arose from non-job related factors. This court, however, will not weigh conflicts in the evidence nor will it substitute its judgment for that of the trial court. *Salazar v. City of Santa Fe*, 102 N.M. 172, 692 P.2d 1321 (Ct.App.1983). The court's finding that an accidental injury occurred on September 27, 1982 is supported by substantial evidence.

■ Defendant's challenge to the sufficiency of the evidence as to causation is similarly disposed of by this court. Defendant claims that plaintiff failed to meet his burden of establishing, to a medical probability, that plaintiff's disability was the natural and direct result of plaintiff's injury. *See* § 52–1–28(B); *Perea v. Gorby*, 94 N.M. 325, 610 P.2d 212 (Ct.App.1980). The record, however, supports the court's findings and conclusions on this issue.

Plaintiff produced an expert medical witness who testified as to the causal relationship between plaintiff's disability and his employment. Dr. Feierman testified that "based upon a reasonable amount of medical certainty * * * the stress that [plain-

tiff] was experiencing on the job probably was an important non-genetic factor that caused Robert to develop the full-blown illness at the time that he did." Two of the discharge summaries produced by Dr. Feierman identify the job stress as probable contributors to the latent development of plaintiff's underlying schizophrenia.

■ Defendant seeks to impose an additional burden on plaintiff in a psychological injury case: that of establishing that other life stresses played no part in plaintiff's disability. The statute does not require the exclusion of all other possible factors. Rather, it requires that a "causal connection" be established to a reasonable medical probability. § 52–1–28(B). Dr. Feierman's testimony is sufficient to establish the requisite connection. *See, e.g., Crane v. San Juan County*, 100 N.M. 600, 673 P.2d 1333 (Ct.App.1983).

While there are conflicts in Dr. Feierman's testimony, it is for the trier of fact to reconcile the inconsistent or contradictory statements of witnesses. *Tapia v. Panhandle Steel Erectors Co.* This rule is equally applicable to conflicts within the testimony of a single witness. *Hughes v. Walker*, 78 N.M. 63, 428 P.2d 37 (1967); *see also Romero v. H.A. Lott, Inc.*, 70 N.M. 40, 369 P.2d 777 (1962); *Alvillar v. Hatfield*, 82 N.M. 565, 484 P.2d 1275 (Ct.App.1971). The trial court's findings are supported by substantial evidence and will not be disturbed on appeal. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985).

We affirm.

## ISSUE III

■ The trial court awarded both pre-judgment and post-judgment interest. The statute in effect at the time plaintiff's complaint was filed, however, did not allow for an award of pre-judgment interest. *See* NMSA 1978, Section 56–8–4 (Orig.Pamp.); *Hillelson v. Republic Insurance Co.*, 96 N.M. 36, 627 P.2d 878, (1981). Additionally, nothing in the Workmen's Compensation Act authorizes an award of pre-judgment interest. Thus, in the absence of expressed statutory authorization within the Work-

men's Compensation Act, and additionally, based on the statute in effect at the time the complaint was filed, the court's award of pre-judgment interest was inappropriate and must be reversed.

■ Paragraph seven of the court's judgment also authorized post-judgment interest at the rate of fifteen percent. The applicable interest rate at the time of the filing of the lawsuit was ten percent. The increase in the rate of interest on judgments did not become effective until ninety days after adjournment of the 1983 legislative session. Thus, ten percent was the applicable rate for this judgment because the statute in effect at the time only allowed that amount. *See* former § 56–8–4; *Hillelson.* We direct that the judgment be modified to reflect a post-judgment interest at the rate of ten percent.

## ISSUE IV

The court concluded that plaintiff was entitled to rehabilitation benefits. Defendant objects, however, stating that such an award is not supported by the evidence. The record discloses that plaintiff could no longer perform the work he was doing at the time of the injury due to his disability. Additionally, Dr. Feierman indicated that plaintiff was in need of future psychotherapy and assistance from social workers. Dr. Samuel Roll testified that the treatment for schizophrenia included long-term therapy, hospitalization and medication.

■ Section 52–1–50 provides that an employee "shall be entitled to such vocational rehabilitation services, including retraining or job placement, as may be necessary to restore him to suitable employment where he is unable to return to his former job." While the section is mandatory in nature, plaintiff must present sufficient evidence to warrant an award of vocational rehabilitation expenses. *Ruiz v. City of Albuquerque,* 91 N.M. 526, 577 P.2d 424 (Ct.App.1978). Where plaintiff has not established a need for rehabilitation benefits on the record, the trial court has no basis for an award of rehabilitation benefits. *See Garcia v. Albuquerque Public Schools,* 99 N.M. 741, 663 P.2d 1198 (Ct. App.1983).

■ The evidence before the trial court does not establish what, if any, rehabilitation is necessary to restore plaintiff to "suitable employment." Rather, the record indicates that there is little possibility of plaintiff's ever resuming any remunerative employment given his condition and level of medication. No need for vocational rehabilitation was established by plaintiff at trial. We determine that there is no substantial evidence to support the court's award of vocational benefits and reverse the award.

## SUMMARY

While we affirm the trial court's determination of disability and award of benefits, the award of vocational rehabilitation benefits and pre-judgment interest cannot be sustained. Additionally, the award of post-judgment interest in the amount of fifteen percent is hereby modified to ten percent. We award plaintiff $3,000 for his appellate attorney fees.

IT IS SO ORDERED.

MINZNER, J., concurs.

BIVINS, J., dissents.

BIVINS, Judge (dissenting).

Because plaintiff failed to prove causal connection as required by NMSA 1978, Section 52–1–28(B), I respectfully dissent.

The opinion of Dr. Feierman that the on-the-job stress probably was "an" important non-genetic factor, presents two problems. It is prefaced by the statement that it is an "educated guess," which Section 52–1–28 does not permit, and stress is only "an" important factor, not necessarily the only one which aggravated or triggered the full-blown schizophrenia. Later, Dr. Feierman said that the work stress was just one factor and that marital stress arising from infidelity was another. He could not say which was more of a stress factor.

Q. And so then marital problems could be another possible exacerbating factor for his psychotic episode?

A. Yes, and I would, if I am going to say that I think that the job problems were a stressor to him and that probably contributed to him getting worse, I would also have to say that the infidelity and the getting caught at it, and the wife threatening him to leave, was another stressor. It is hard to even say which one was more important. I think they were both present.

*Renfro v. San Juan Hospital, Inc.,* 75 N.M. 235, 403 P.2d 681 (1965), held that a claimant does not meet the burden of proof when he establishes one of several factors, leaving it up to the trier of fact to take his choice. I believe this case is more like *Renfro* than *Crane v. San Juan County,* 100 N.M. 600, 673 P.2d 1333 (Ct.App.1983), relied on by the majority. When asked if he could say within any reasonable medical probability that the job contributed to plaintiff becoming unable to work, Dr. Feierman said, "I think [it was] a contributing factor. I could say that. How much of a contributing factor, I don't know. Nor do I think anybody could know."

Given the distinction made in *Bufalino v. Safeway Stores, Inc.,* 98 N.M. 560, 650 P.2d 844 (Ct.App.1982), between "speculation," "possibilities" and "probabilities," I do not believe Dr. Feierman's testimony satisfied the requirement of proof of causal connection as a medical probability. In *Sanchez v. Molycorp, Inc.,* 103 N.M. 148, 152, 703 P.2d 925, 929 (Ct.App.1985), we said:

Causation exists within a reasonable medical probability when a qualified medical expert testifies as to his opinion concerning causation and, in the absence of other reasonable casual explanations, *it becomes more likely than not that the injury was a result of its action.* NMSA 1978, § 52–1–28; *Bufalino v. Safeway Stores, Inc.,* 98 N.M. 560, 650 P.2d 844 (Ct.App.1982); *Lyon v. Catron County Commissioners,* 81 N.M. 120, 464 P.2d 410 (Ct.App.1969), *cert. denied,* 81 N.M. 140, 464 P.2d 559 (1970). [Emphasis added.]

In this case, we are not faced with inconsistencies or conflicts as between the medical expert's opinion concerning work-related stress and nonwork-related marital difficulties. Both were factors, but how much the doctor could not say. Thus, there was no medical expert testimony that would support a finding that the work-related stress was more likely than not the cause of plaintiff's disability.