OPINION DONNELLY, Judge. {1} Plaintiff Martin Kruskal (Martin) and his son, Third-Party Defendant Kerry Kruskal (Kerry), appeal from a judgment determining that their claims against Defendant Richard Moss (Moss) in a foreclosure action were “exactly equal” to Moss’ counterclaims and cross-claims for setoff. Appellants contend that a number of the trial court’s findings were not based on substantial evidence or were erroneous as a matter of law, and that certain evidence was improperly excluded by the trial court. We affirm in part and reverse in part. FACTS AND PROCEDURAL POSTURE {2} This case involves the third appeal and the latest eruption in a long-simmering dispute between former business partners. In the early 1980s, Kerry and Moss formed Rancho del Villacito Condominiums, Inc. (the Corporation) and Villacito Management Company (the Partnership) in order to construct, sell, and manage “four-plexes” along Taos Ski Valley Road. Kerry, Moss, and Martin were the directors of the Corporation. Eventually, four condominium units were built, as well as a management office. {3} Relations between Kerry and Moss deteriorated and, in 1985, they agreed to submit their disputes to an arbitrator. In addition to Kerry and Moss, the Corporation and the Partnership were parties to the arbitration, but Martin was not. After extended hearings, the arbitrator awarded, among other things, $18,771.89 to Moss against the Corporation, $19,867.38 to the Corporation against the Partnership, and $790 to Kerry against the Partnership. The arbitrator found Moss liable for one-half of the obligations of the Partnership. The arbitrator also found that Moss had “assumed the responsibility of recovering the money owed by the Gas [Company of New Mexico] to the Corporation [and] Partnership,” ordered Moss to return a microwave oven and sofa to Kerry, and ordered Kerry to pay rent to Moss for occupancy of the management office unit as a residence. The arbitration award was upheld in Taos County District Court Cause No. 86-206 CV and, on February 26, 1996, was affirmed on appeal by the New Mexico Supreme Court in an unpublished Decision in Kruskal v. Rancho del Villacito Condominiums, Inc., No. 23,323. Thereafter, the Corporation and the Kruskals brought suit against the arbitrator, which cause was dismissed and, on appeal, the dismissal was affirmed by the Supreme Court in Rancho del Villacito Condominiums, Inc. v. Weisfeld, 121 N.M. 52, 56, 908 P.2d 745, 749 (1995). {4} Following affirmance of the arbitration award, Moss sought to collect the $18,-771.89 amount owed to him by the Corporation, but was frustrated by the Kruskals. This gave rise to further litigation between the parties in Taos County District Court Cause No. 88-319 CV. The court in that cause concluded that “the actions of the Kruskals in preventing Moss from executing on his judgment in Cause No. 86-206(CV) were willful, malicious, fraudulent and in bad faith” and awarded damages in the amount of $20,000, plus costs and post-judgment interest. Following the Supreme Court’s affirmance of the arbitration award, Moss succeeded in obtaining partial satisfaction of the judgment from a $25,000 supersedeas bond posted by the Kruskals. {5} Martin brought suit in the current action to foreclose a note and mortgage on the management building owned by him. He alleged that Moss was indebted to him in the total sum of $112,838.26, including principal, interest, late fees, taxes, insurance, and attorney’s fees. Moss responded by asserting claims against Martin and Kerry, which arose out of prior litigation between the parties. During trial herein, the parties presented evidence concerning their contentions regarding setoffs relating to the outstanding balances owed on the various arbitration awards, together with interest, and the balance owed on the damage award to Moss, plus interest. {6} On the claim of foreclosure, Martin offered evidence indicating that a principal balance of $46,948.20 was due on the note securing the mortgage, together with interest, taxes, insurance, and late charges totaling $60,890.06, for a total indebtedness of $107,838.26. Moss admitted that he owed a principal balance on the note of $46,600.00, in addition to interest, taxes, insurance, and late charges, but claimed a total mortgage liability of only $92,697.85. At the conclusion of trial, the trial court adopted findings of fact and conclusions of law, determining, among other things, that: The value of the yet unpaid amounts of the judgements awarded Moss in causes 86-206 and 88-319, and any rental owed to Moss by Kerry until the date of judgement in this case are exactly equal to the amounts Moss yet owes Martin on the promissory note which is the subject of this foreclosure action, and any amounts he should owe Kerry or the corporation under the arbitration award in cause 86-206. [Emphasis added.] {7} The findings of fact entered by the trial court also specified that Martin now holds “the note and mortgage [for the property (Property)] which is the subject of this litigation”; that, previously, “[b]ecause the Corporation was unable to acquire the financing for the ... [management] building, Moss personally acquired the [Property, and the financing for the building”; that “Kerry still occupies the management building of the condominiums without paying any rent to Moss”; and that “[f]rom 1992, a reasonable average rental value of the [management building] was $700.00 [per] month, and from the date of this judgement, is $1,000.00 [per] month.” The judgment of the trial court further stated, among other things, that “Defendant Moss is declared to be the owner in fee simple of the [Property], as against any and all other parties in this action,” and that Martin, Kerry, and Rancho del Villacito Condominiums, Inc. are “holdover and illegal occupants of the [management building], without any right to occupy it, and should be required to immediately vacate the [management building]. A joint and several reasonable rental for their continued occupancy is $1,000.00 a month____” DISCUSSION Findings Challenged on Appeal {8} Appellants challenge, among other things, the trial court’s Finding No. 11 that the net amount owing on each of the parties’ claims against each other is “exactly equal,” as well as the court’s Findings Nos. 4 (that Kerry paid no rent to Moss), 8(a) (that Kerry was not entitled to the sum of $50,000 for a microwave oven and sofa, although the items were later returned by Moss), and 8(b) (that Kerry was entitled to $1,500 which Moss failed to collect from the Gas Company of New Mexico). Appellants additionally challenge the trial court’s Finding No. 9, that a reasonable, average rental value of the management office unit, from 1992, was $700 per month, and that the reasonable rental from the date of this judgment is $1000 per month. Appellants assert that Findings Nos. 4, 8(b), and 9 are unsupported by substantial evidence. {9} Although the parties submitted extensive requested findings of fact and conclusions of law, the trial court did not adopt any of the tendered findings or conclusions. “[Findings of fact of the trial court are the findings upon which the case must rest. If the findings are supported by substantial evidence, they will be sustained on appeal.” Entertainment Corp. v. Halberg, 69 N.M. 104, 105, 364 P.2d 358, 359 (1961) (citations omitted). Substantial evidence is “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion}.]” Lopez v. Smith’s Management Corp., 106 N.M. 416, 417, 744 P.2d 544, 545 (Ct.App. 1986). The trial court, however, is required to adopt findings of such ultimate facts as are necessary to determine the issues in the case. See Rule 1-052(B)(1)(b) NMRA 1998; see also Normand ex rel. Normand v. Ray, 109 N.M. 403, 409, 785 P.2d 743, 749 (1990) (findings of trial court must address those ultimate findings of fact necessary to support its decision); Foutz v. Foutz, 110 N.M. 642, 643, 798 P.2d 592, 593 (Ct.App.1990) (findings and conclusions must be sufficient to enable appellate court to conduct meaningful review). “In deciding whether a finding has substantial support, the reviewing court must view the evidence in the light most favorable to support the finding and [indulge in] all reasonable inferences in support of the court’s decision[.]” Tyrpak v. Lee, 108 N.M. 153, 154, 768 P.2d 352, 353 (1989). {10} Applying the above rules to the trial court’s decision and judgment herein, we conclude that even construing all of the evidence in the light most favorable to its findings, and indulging in all reasonable inferences in support thereof, the trial court’s findings and conclusions fail to adequately disclose how it arrived at its decision that the amounts claimed by the parties were “exactly equal” as set out in Finding No. 11. Green v. General Accident Ins. Co., 106 N.M. 523, 527, 746 P.2d 152, 156 (1987) (when findings are insufficient to resolve basic issues in dispute, they are insufficient to permit meaningful appellate review and necessitate remand); State ex rel. Human Servs. Dep’t v. Coleman, 104 N.M. 500, 505, 723 P.2d 971, 976 (Ct.App.1986) (where doubt or ambiguity exists as to basis for court’s findings, justice requires remand for entry of additional findings and conclusions); Torres v. Plastech Corp., 1997-NMSC-053, ¶ 13, 124 N.M. 197, 947 P.2d 154 (“Conclusions of law must be supported by findings of ultimate fact.”). {11} We also agree with Appellants that the trial court’s Finding No. 4 erroneously determined that Kerry did not pay any rent as he was required to under the results of the arbitration. Moss, himself, introduced evidence that a supersedeas bond in the amount of $27,375 consisting of a damage deposit of $375, plus monthly rent of $375 beginning on July 31, 1985, was released to him in the Cause No. 86-206 CV action, and he admitted receiving the proceeds of the bond. {12} Appellants additionally argue that the trial court erred in adopting its Finding No. 4, interpreting the arbitration award to call for a “reasonable rental viable at that time.” On appeal, Appellants argue that the arbitration award “plainly and unambiguously set rent at $375 per month, without any provision for escalating rent over time.” We find this argument unpersuasive. Moss introduced evidence that he notified Kerry in November 1994 that “effective December 1,1994, rental of $700 per month will be due and payable on the unit occupied by him____” Based on this evidence, the trial court could reasonably determine that the monthly rent had increased to $700 per month. Nothing in the arbitrator’s initial determination of a reasonable monthly rent foreclosed such an increase. See NMSA 1978, § 47-8-15(F) (1995) (residential landlord may increase rent by providing written notice to the resident). Absent a showing that Moss notified Kerry of an increase in the amount of the monthly rental of an amount in excess of $700 per month, or an agreement between the parties, there is no basis for escalation of the rent above $700 per month. {13} Appellants additionally assert that substantial evidence is lacking to support the trial court’s determination in Finding No. 9 that $700 per month was a reasonable, average rental value for the management office unit from 1992 to the date the trial court entered judgment. We agree in part with this contention. A finding of fact “which is not supported by substantial evidence and which has been properly challenged cannot be sustained on appeal.” Walker v. L.G. Everist, Inc., 102 N.M. 783, 791, 701 P.2d 382, 390 (Ct.App.1985). Moss presented evidence that the rental value of the management office unit was $400 per month for 1992 and 1993, $425 per month from January to November 1994, and $700 per month from December 1994 to November 1996 when this action was initiated.[1] Under the evidence presented by Moss, it is mathematically impossible for the average rental value to have been $700 per month from January 1992 to November 1996, as found by the trial court in its Finding No. 9.[2] However, as discussed above, there was substantial evidence to support that portion of the trial court’s Finding No. 9 that Moss was entitled to rental payments in the amount of $700 per month from December 1991 forward. {14} Appellants also expressly challenged Finding No. 8(a). In this finding, the trial court rejected any amount of setoff for the value of a sofa and a microwave oven that Moss was required to return to Kerry under the arbitration award. The trial court found that “[a]s an incentive for them return, the arbitrator allowed Kerry to fix their value if they were not returned ... [and] Kerry fixed the preposterous value of $50,000.00 for them.... ” Our review of the record indicates that the trial court properly imputed a reasonableness requirement to the value of the microwave oven and sofa fixed by Kerry. Cf. Castle v. McKnight, 116 N.M. 595, 598, 866 P.2d 323, 326 (1993) (“While a court will not imply a standard of reasonableness in the face of the parties’ expressed intent to the contrary, if a contract is silent regarding the manner of performance, ‘a term which is reasonable in the circumstances is supplied by the court.’ ” (citation omitted)). We agree with the trial court’s assessment that the $50,000 amount set by Kerry is improper. Moreover, we conclude that the trial court could properly determine that no setoff was due for these items. The items were, in fact, returned to Appellants. Moss introduced letters by his attorney to Appellants requesting that the items be picked up, but that Appellants failed to do so. {15} In Finding No. 8(b), also challenged by Appellants, the trial court rejected any amount of setoff on account of the Gas Company refund that Moss was to secure under the arbitration award.[3] The trial court found that “GASCO, which no longer exists, denied the debt, but Kerry believes it could have been recovered by way of a lawsuit. His appeal of the arbitrator’s award effectively prevented such a lawsuit until 1992, beyond the statute of hmitations.” Our review of the record indicates that there was evidence tending to support this finding. Moss testified that he did not pursue the refund because the arbitration decision “was being appealed [by Appellants] and it wasn’t until 1991 that the arbitration decision was confirmed.” Additionally, Moss testified that “there was a lot of bad faith on the part of the Kruskals,” and Kerry “commingled the funds between himself and the corporation.” Other Amounts Due Under the Arbitration Award {16} Appellants additionally argue that the trial court made no finding concerning the amounts Moss owed to Kerry or the Corporation under the arbitration award. Although we agree the trial court’s findings fail to adequately disclose how these amounts were factored into its ultimate decision, the amounts which are owing under the arbitration award are nevertheless readily susceptible to calculation. See Kirkpatrick v. Introspect Healthcare Corp., 114 N.M. 706, 711, 845 P.2d 800, 805 (1992) (“When the resolution of the issue depends upon the interpretation of documentary evidence, [an appellate court] is in as good a position as the trial court to interpret the evidence.”). From the face of the March 1986 arbitration award, it is clear that the Corporation is entitled to $9,933.69 (Moss’ 50% responsibility for the Partnership’s debts) and that Kerry is entitled to receive $395 (Moss’ 50% responsibility for the Partnership’s debts), with both such amounts accruing interest at 15% per annum as ordered by the judgment confirming the arbitration award. Similarly, Moss is entitled to $18,771.89, plus accrued interest, against the Corporation, as specified in the arbitration award. We reject Appellants’ argument that this $18,771.89 arbitration amount confirmed in Cause No. 86-206 CV was satisfied by the separate $20,000 damages judgment against Kerry and Martin in Cause No. 88-319 CV. This issue was resolved on appeal of the latter judgment, where our Supreme Court, in its February 26, 1996, unpublished Decision, found that “the trial court pierced the corporate veil for ‘damages’ and not for the ‘corporate judgment debt.’ ” Sup.Ct. No. 23,323, slip op. at 2. Lastly, we conclude that Moss is also entitled to the sum of $4,654.90, together with accrued interest, representing the balance of the judgment awarded to him in Cause No. 88-319 CV. Findings Upheld on Appeal {17} The trial court found in its Finding No. 6, among other things, that Martin “gave his son a power of attorney to acquire the note and mortgage which is the subject of this litigation, knowing that his son intended to ... occupy the [management building] for nothing, and make it impossible for Moss to pay his debts, including this note to Martin.” (Emphasis added.) This unchallenged finding directly relates to the issue of whether the trial court, in the instant case, properly denied Martin’s petition for foreclosure on the management building. This unchallenged finding is binding on appeal. State Farm Fire & Cas. Co. v. Price, 101 N.M. 438, 442, 684 P.2d 524, 528 (Ct.App.1984) (findings not attacked by appellant are binding on appeal). Refusal to Admit Exhibits {18} Finally, Appellants assert that the trial court should have admitted and considered certain exhibits tendered by their attorney into evidence. Appellants have not included these exhibits in the record on appeal; thus, we decline to consider this argument. Jeantete v. Jeantete, 111 N.M. 417, 419, 806 P.2d 66, 68 (Ct.App.1990) (“An appellant has the duty of providing an adequate record sufficient to review the issues raised on appeal.”). CONCLUSION {19} We reverse that portion of the trial court’s judgment which found that the amounts claimed by the parties were “exactly equal”; that Kerry had “paid no rent” at all for his occupancy of the management building; and the trial court’s determination of the amount of the “fair rental” for the management building from 1992 to the date of judgment below. We remand for redetermination of the amounts owed by Moss to Appellants, less any setoffs found to be due and owing. We affirm the trial court’s finding of a fair rental value of $700 per month to the extent that it applies to the period from December 1994 forward. The trial court’s denial of a setoff for the Gas Company refund and the microwave oven and sofa are affirmed, as well as the determination that Moss is entitled to $18,771.88, plus accrued interest, as specified in the arbitration award, and that this sum was not satisfied by the damage award against Kerry and Martin in Taos County District Court Cause No. 88-319 CV. We also affirm that Moss is entitled to a setoff in the amount of $4,654.90, together with accrued interest, representing the balance of the judgment obtained by him in Taos County District Court Cause No. 88-319 CV. Any findings unchallenged on appeal, including the trial court’s Finding No. 6 specifically, remain the law of the case on remand. Each of the parties shall bear its own costs on appeal. {20} IT IS SO ORDERED. ALARID, J., concurs. HARTZ, C.J., concurs in part, dissents in part. . Moss introduced exhibits at trial detailing his calculation of the monthly rents claimed to be owing from Kerry, and a letter to Kerry notifying him that effective December 1, 1994, that the monthly rent would increase to $700. . Finding No. 9 adopted by the trial court also found that following the entry of this judgment a reasonable average rental value of the premises "is $1,000.00” per month. The trial court's judgment, however, contained conflicting language stating that a "joint and several reasonable rental for [the Kruskals’ and the Corporation's] continued occupancy [of the management building] is $1,000.00 a month, beginning January 1, 1997,” and that "[a]ny holdover past [January' 1, 1997,] shall be subject to an $800.00 a month rental ... against those parties.” Neither the $1,000 nor the $800 amount, however, is supported by any evidence in the record. .The arbitration award provided that Moss is "liable for any sums due from the Gas [Company] which are not recovered within a reasonable time absent just cause." (Emphasis added.)